■ In the Matter of LUTHER M. RAGIN, JR., Appellant, v CITY OF NEW YORK, Respondent. [636 NYS2d 83] —In a proceeding to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Queens County (Milano, J.), dated September 15, 1993, which denied his application.

Ordered that the order is affirmed, with costs.

The petitioner's ignorance of the requirement that a notice of claim pursuant to General Municipal Law § 50-e must be served within 90 days after accrual of the claim is not a legally acceptable excuse *(see, Weber v County of Suffolk,* 208 AD2d 527; *Sellars v New York City Hous. Auth.,* 173 AD2d 691). Nor

is there merit to the petitioner's argument that actual knowledge of his false arrest claim may be imputed to the City of New York merely because the petitioner's attorney wrote to the Queens County District Attorney, shortly after the incident occurred, to request dismissal of the charges (see generally, Chattergoon v New York City Hous. Auth., 161 AD2d 141, affd 78 NY2d 958).

Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the petitioner's application for leave to serve a late notice of claim. Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.