■ TONU MOLLERSON et al., Appellants, v CITY OF NEW YORK et al., Respondents. [778 NYS2d 475]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered on or about March 7, 2003, which granted the municipal defendants' motion to dismiss the second amended complaint for failure to state a cause of action and for untimely notice of

the new claims asserted, unanimously affirmed, with one bill of costs. Appeal from order, same court and Justice, entered August 1, 2003, which denied plaintiffs' motion denominated as one for renewal and reargument, deemed to be from the denial from a motion to reargue only, and, so considered, unanimously dismissed, without costs, as taken from a nonappealable order.

The subject matter of the fourth and fifth causes of action, alleging discrimination and violations of equal protection and due process predicated on administrative determinations regarding applications for increased housing needs and additional welfare allotments to the husband and wife and their adult children, was never set forth in the notice of claim filed in 1997, thus depriving the City of an opportunity to investigate and respond to these claims in a proper and timely fashion. The notice of claim nowhere specified the City's alleged discriminatory conduct, nor did it identify the protected category or the selective treatment to which the City allegedly subjected plaintiffs (*see* 42 USC § 2000d). To the extent the fourth cause of action might be interpreted as a challenge to the propriety of the City's determinations regarding various applications for housing and increased public assistance, such challenges would be time-barred by the four-month statute of limitations applicable to CPLR article 78 proceedings (*see* CPLR 217 [1]).

Plaintiffs' allegations of general negligence and negligent infliction of emotional distress in their proposed second and fifth causes of action, based upon the City's challenged determinations and conduct (separate and apart from the circumstances of the Hamilton Hotel fire), were nowhere set forth in the notice of claim, and the general negligence claim with regard to the fire was not stated with requisite particularity (General Municipal Law § 50-e [2]). In fact, the notice of claim failed to identify any conduct by the City, negligent or otherwise, that contributed to the occurrence of the fire at the privately operated hotel.

In any event, the claims for negligent infliction of emotional distress were insufficiently pleaded, failing to allege facts indicating, inter alia, that the City's conduct was so outrageous and extreme as to exceed all bounds of decency (*see Dillon v City of New York*, 261 AD2d 34, 41 [1999]). Moreover, the City may not generally be held liable in tort for administering its discretionary duties pursuant to the public assistance statute (*see Biro v Department of Social Servs./Human Resources Admin.*, 1 AD3d 302 [2003]). Plaintiffs' reliance on the "special relationship" exception to this general rule was misplaced where the City provided welfare services to them in accordance with

its statutory obligation to the public at large, and not pursuant to any special promises made independently to plaintiffs (*see Lauer v City of New York*, 95 NY2d 95 [2000]). Moreover, on this record, plaintiffs, who have been public assistance recipients since their arrival in the United States in 1988, and remain so to date, cannot establish justifiable reliance on any alleged promises by the City, inasmuch as they cannot show they are in a worse position than if the City had not assumed the duty of extending them the welfare services actually provided (*see Grieshaber v City of Albany*, 279 AD2d 232, 236 [2001], *lv denied* 96 NY2d 719 [2001]). We have considered plaintiffs' other contentions and find them unavailing. Concur—Buckley, P.J., Lerner, Friedman, Marlow and Sweeny, JJ.