■ In the Matter of JAMES RUSH, Appellant, v COUNTY OF NASSAU et al., Respondents. [806 NYS2d 232]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the petitioner appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated August 10, 2004, as denied those branches of his petition which were for leave to serve a late a notice of claim with respect to causes of action alleging false arrest and false imprisonment, and (2) so much of an order of the same court, dated December 22, 2004, as denied that branch of his motion which was for leave to renew pursuant to CPLR 2221 (e).

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

In an affidavit in support of his original application, the petitioner asserted that he was arrested by "police officers of the respondent, THE CITY OF GLEN COVE, and/or respondent, GLEN COVE POLICE DEPARTMENT, and/or respondent, COUNTY OF NASSAU, and/or respondent, NASSAU COUNTY POLICE DEPARTMENT." Based on this conclusory statement, the petitioner contends that each of seven separate respondent agencies must be imputed with actual knowledge of the essential facts of his alleged unlawful arrest and imprisonment. We disagree.

The petitioner's failure to identify the entity that arrested him, despite evidence in the record that such information was available to him, renders entirely speculative his claim that each of the respondents timely acquired actual knowledge of the essential facts of his false arrest and false imprisonment claims (*compare Matter of Cuffee v City of New York,* 255 AD2d 440, 441 [1998] *with Matter of Ragland v New York City Hous. Auth.,* 201 AD2d 7, 10-11 [1994]). Moreover, the petitioner failed to provide a reasonable excuse for the delay in serving his notice of claim (*see* General Municipal Law § 50-e [5]; *Palmer v City of New York,* 226 AD2d 149 [1996]; *Matter of Ragin v City of New York,* 222 AD2d 678 [1995]). Under these circumstances, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim as to the proposed causes of action alleging false arrest and false imprisonment (*see* General Municipal Law § 50-e [5]).

The Supreme Court properly denied leave to renew in light of the petitioner's failure to present any "new facts" (CPLR 2221 [e] [2]) that were available but unknown to him at the time of the original application (*see Matter of Orange & Rockland Util. v Assessor of Town of Haverstraw,* 304 AD2d 668, 669 [2003]).

The petitioner's remaining contentions are without merit. Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.