In the Matter of JAMES RUSH, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [826 NYS2d 640]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Suffolk County (Sgroi, J.), dated November 14, 2005, which denied the petition, and (2) an order of the same court dated February 22, 2006 which denied his motion for leave to reargue.

Ordered that the appeal from the order dated February 22, 2006 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 14, 2005 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Timely service of a notice of claim is a condition precedent to an action founded upon tort and commenced against a municipal defendant (see General Municipal Law § 50-e). In determining whether to permit the service of a late notice of claim, the court generally will consider three factors: (1) whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipal defendant acquired actual knowledge of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the respondent [or defendant] in its defense (see Matter of Padovano v Massapequa Union Free School Dist., 31 AD3d 563 [2006], citing Williams v Nassau County Med. Ctr., 6 NY3d 531 [2006]; Matter of Molloy v City of New York, 30 AD3d 603 [2006]; Matter of Henriques v City of New York, 22 AD3d 847 [2005]).

In December 2005 this Court decided Matter of Rush v County of Nassau (24 AD3d 560 [2005] [hereinafter Rush I]), a proceeding in which the same petitioner sought the same type of relief

pursuant to General Municipal Law § 50-e (5) based on a distinct incident on February 1, 2003 in which the petitioner asserted he was arrested by police officers. In that prior proceeding the Supreme Court, Nassau County, in an order dated August 10, 2004, inter alia, denied those branches of the petition which were for leave to serve a late notice of claim with respect to the causes of action alleging false arrest and false imprisonment. Therefore, at the time of his April 3, 2005 arrest and incarceration (which serve as the basis for the instant claims), the appellant and his attorney (who represented him in the prior appeal in *Rush I*) clearly knew of the requirements of General Municipal Law § 50-e—contrary to their statements herein to the Supreme Court that the petitioner "did not know that he may have had to file a notice of claim within ninety days of the happening of the accident." Indeed, the papers upon the subject proceeding appear to have been adapted from those used in the earlier proceeding, as evidenced by the fact that the original incident date of "February 1, 2003" appears at one point in the subject record.

In this case there was something more than a failure to demonstrate a reasonable excuse; there was a patently false excuse proffered in an effort to cast the petitioner as unaware of the 90-day requirement. While the lack of reasonable excuse alone has been found insufficient to warrant denial in certain other cases (*see e.g., Matter of Porcaro v City of New York,* 20 AD3d 357 [2005]; *Gibbs v City of New York,* 22 AD3d 717 [2005]), the Supreme Court's denial of the relief requested was a provident exercise of its "broad discretion" (*Matter of Bollerman v New York City School Constr. Auth.,* 247 AD2d 469 [1998]) under the circumstances herein (*see Matter of Rush v County of Nassau, supra; see also Brady v City of New York,* 257 AD2d 466 [1999]; *Matter of Resto v City of New York,* 240 AD2d 499 [1997]).

We note, furthermore, that the proposed notice of claim herein was insufficient under General Municipal Law § 50-e (2) (*see Mollerson v City of New York,* 8 AD3d 70 [2004]; *cf. Hudson v New York City Tr. Auth.,* 19 AD3d 648 [2005]).

The petitioner's remaining contentions are without merit. Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.