■ JAMES RUSH, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [856 NYS2d 860]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiff appeals (1) from a judgment of the Supreme Court, Suffolk County (Sgroi, J.), entered April 3, 2007, which, upon an order of the same court dated February 1, 2007, granting the defendants' motion to dismiss the complaint on the ground that he failed to serve a proper notice of claim, and denying his cross motion, inter alia, in effect, for leave to serve an amended notice of claim, dismissed the

complaint, and (2), as limited by his brief, from so much of an order of the same court dated April 27, 2007, as, upon reargument, adhered to so much of its prior determination in the order dated February 1, 2007, as granted the defendants' motion to dismiss the complaint and denied that branch of his motion which was, in effect, for leave to serve an amended notice of claim.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In a prior appeal (*see Matter of Rush v County of Suffolk,* 35 AD3d 619 [2006]), this Court determined that the plaintiff's notice of claim was insufficient under General Municipal Law § 50-e (2) (*see Mollerson v City of New York,* 8 AD3d 70, 71 [2004]; *see also Santoro v Town of Smithtown,* 40 AD3d 736, 737 [2007]; *cf. Hudson v New York City Tr. Auth.,* 19 AD3d 648 [2005]). The Supreme Court properly granted the defendants' motion to dismiss the complaint on the ground that the plaintiff failed to serve a proper notice of claim as required by General Municipal Law § 50-e (2). Moreover, under the facts of this case, the Supreme Court providently exercised its discretion in denying the plaintiff leave to serve an amended notice of claim (*see* General Municipal Law § 50-e [6]; *White v New York City Hous. Auth.,* 288 AD2d 150 [2001]; *see also Richard v Town of Oyster Bay,* 300 AD2d 561 [2002]; *Adrian v Town of Oyster Bay,* 262 AD2d 433, 434 [1999]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.