In an action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), entered December 3, 2012, which granted the defendants’ motion to dismiss the complaint on the ground that the notice of claim did not comply with General Municipal Law § 50-e (2).
Ordered that the order is affirmed, with costs.
Contrary to the plaintiff’s contention, the Supreme Court properly granted the defendants’ motion to dismiss the complaint based on his failure to allege in the notice of claim the time, including a date, when his claim against the defendants arose. Compliance with the notice of claim requirements set forth in General Municipal Law § 50-e (2) is a condition precedent to the commencement of a common-law tort action against a municipality (see Tully v City of Glen Cove, 102 AD3d 670, 671 [2013]). The plaintiffs failure to allege with sufficient particularity the time when his claim arose frustrated the defendants’ ability to conduct a meaningful investigation into his claim and to assess the merits of that claim (see Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882 [2013]; Levine v City of New York, 111 AD2d 785, 786 [1985]).
Accordingly, the defendants’ motion to dismiss the complaint was properly granted. Dillon, J.R, Leventhal, Chambers and Miller, JJ., concur.