Scruggs v City of New York (2021 NY Slip Op 51053(U))

[*1]

Scruggs v City of New York

2021 NY Slip Op 51053(U) [73 Misc 3d 135(A)]

Decided on November 10, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 10, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570142/21

Seth Scruggs, Plaintiff-Respondent, 
against
City of New York, Defendant-Appellant.

Defendant, as limited by its brief, appeals from so much of an order of the Civil Court of the
City of New York, New York County (Denise M. Dominguez, J.), entered July 16, 2019, as
denied its pre-answer cross-motion to dismiss the complaint.

Per Curiam.
Order (Denise M. Dominguez, J.), entered July 16, 2019, reversed, without costs,
cross-motion granted and the complaint dismissed. The Clerk is directed to enter judgment
accordingly.
Plaintiff's failure to comply with General Municipal Law § 50-e(2), by setting forth in
his notice of claim "the time when ... and the manner in which the claim arose," warranted
dismissal of the complaint (see Foster v City of New York, 112 AD3d 783 [2013];
Soto v City of New York, 161 AD2d 246 [1990]). The notice of claim at issue, which
merely alleged "digital tapes of a larceny" on a certain No. 6 train platform, did not allege the
date and manner in which the purported incident occurred, and contained no reference to any acts
or omissions attributable to defendant. Therefore, the notice was too vague to permit defendant to
conduct a meaningful investigation into plaintiff's claim and to assess the merits of that claim
(see Teresta v City of New York, 304 NY 440, 443 [1952]; Mollerson v City of New
York, 8 AD3d 70 [2004]).
In view of our determination, we reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 10, 2021