■ In the Matter of MIGUEL RIOS et al., Appellants, v CITY OF NEW YORK, Respondent.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim, the petitioners appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 9, 1990, which denied the application.

Ordered that the order is affirmed, with costs.

The petitioner Miguel Rios claims that on November 30, 1988, he fell on a defective sidewalk owned and maintained by the City of New York, as a result of which he sustained a fractured leg. There is no indication that any accident report was ever made or filed and nothing before us demonstrates that a record was made of the injured petitioner's ambulance trip from the accident site to the hospital.

The injured petitioner alleges that he was hospitalized from the day of the accident through February 4, 1989, and thereafter confined to his home until "approximately" March 30, 1989. He did not contact an attorney, however, until April 27, 1989, some five months after the accident and two months after the necessary notice of claim was required to have been filed (see, General Municipal Law § 50-e [1]). On July 12, 1989, over seven months after the accident, the petitioners' attorney served a notice of claim but then waited an additional two months before making an initial application, on September 19, 1989, for permission to file the late notice. That application was denied with leave to renew.

On the present application, made in January 1990, the petitioners urge that the delay in filing the notice of claim was excusable because of the injury sustained. To counter the City's claim of prejudice attributable to the delay, the petitioners rely on an assumption that "some" pertinent ambulance report must exist "in the City hierarchy" and on the fact that written notice of a number of sidewalk defects was filed with

the New York City Department of Transportation by the Big Apple Pothole & Sidewalk Protection Corporation 11 months before the accident. They also rely on the injured petitioner's assertion that he revisited the accident site shortly after his attorney served the notice of claim and determined that the condition of the sidewalk had not changed in the then 7½ months since the accident.

We agree with the Supreme Court that the injured petitioner's claimed physical incapacity, unsupported by medical evidence, was insufficient to justify either the delay in giving the City timely notice that the petitioners would be making a claim or the delay in taking steps to obtain permission to give late notice (see, e.g., Matter of Perry v City of New York, 133 AD2d 692; see also, Matter of Coyne v Cold Spring Harbor Cent. School Dist., 132 AD2d 660; Matter of Morgan v City of Elmira, 115 AD2d 885, 887). Moreover, neither the petitioners' assumption about what records might exist nor the fact that prior written notice of a defect was filed with a City agency operates to fulfill the purposes for which a notice of claim is required (cf., Setton v City of New York, 174 AD2d 723; Matter of Perry v City of New York, supra; see, Matter of Beary v City of Rye, 44 NY2d 398, 412). Finally, the petitioners' determination that the accident site was unchanged over the winter and spring seasons which spanned the period between the happening of the accident and the time when the City was given actual notice of the claim does not negate the danger that the passage of time prevented an accurate reconstruction of the circumstances existing at the time the accident occurred (see, Matter of Perry v City of New York, supra). Under the circumstances, the Supreme Court properly exercised its discretion in denying the petitioners' application for leave to file a late notice of claim on the merits. Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.