■ In the Matter of LEONARD ADLOWITZ, Respondent, v CITY

OF NEW YORK, Appellant, et al., Respondent. [613 NYS2d 174] — Judgment, Supreme Court, New York County (Walter M. Schackman, J.), entered on or about March 17, 1993, which *inter alia,* granted petitioner's application to file an amended notice of claim pursuant to General Municipal Law § 50-e (6) to change the location of his accident from the northeast corner of Seventh Avenue and West 18th Street to the northwest corner of the same intersection and denied the City's motion for summary judgment dismissing the action for plaintiff's failure to comply with General Municipal Law § 50-e, unanimously reversed, on the law, the petition dismissed and the City's motion for summary judgment granted, without costs. The Clerk is directed to enter judgment in favor of appellant dismissing and severing the complaint as against it.

In his notice of claim filed with the City on August 29, 1991, petitioner alleges that on July 11, 1991, he tripped and fell over a defect in the sidewalk on the northeast corner of Seventh Avenue and West 18th Street. The City conducted an investigation of the site on October 3, 1991. Thereafter, by order to show cause dated May 13, 1992, petitioner moved to amend his notice of claim to change the site of the accident to the northwest corner of the same intersection.

Under the circumstances, we deem it an improvident exercise of the IAS Court's discretion to have granted petitioner's motion inasmuch as it is now well settled that, where the municipality is misled by the erroneous notice of claim to conduct an investigation at the wrong site, this circumstance alone results in serious prejudice *(Konsker v City of New York,* 172 AD2d 361, 362, *lv denied* 78 NY2d 858). Moreover, contrary to the court's holding, the fact that a sidewalk defect on the northwest corner of the intersection was described in a map previously filed with the City by the Big Apple Pothole & Sidewalk Protection Corporation does not alleviate the prejudice to the City or fulfill the purpose of an accurate notice of claim *(see, Matter of Rios v City of New York,* 180 AD2d 801, 802; *Setton v City of New York,* 174 AD2d 723). Concur—Carro, J. P., Kupferman, Asch, Nardelli and Williams, JJ.