■ In the Matter of ROBIN PERRAULT, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [651 NYS2d 134] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated September 19, 1995, which granted the petition.

Ordered that the order is reversed, as a matter of discretion, with costs, the petition is denied, and the proceeding is dismissed.

In determining whether to grant or deny a motion to serve a

late notice of claim, the key factors to consider are whether the petitioner has met his or her burden to show (1) that the municipality acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or a reasonable time thereafter, (2) a reasonable excuse for the delay, and (3) that the municipality was not substantially prejudiced by the delay in its defense on the merits (*see, Matter of Sica v Board of Educ.,* 226 AD2d 542; *Matter of Diaz v City of New York,* 211 AD2d 789). Here, the petitioner failed to offer a reasonable excuse for not serving a timely notice of claim and failed to demonstrate that the City acquired actual knowledge of the essential facts constituting the claim within the statutory 90-day period or a reasonable time thereafter. Further, this delay prejudiced the City. Accordingly, the Supreme Court improvidently exercised its discretion in granting leave to serve a late notice of claim (*see,* General Municipal Law § 50-e [5]). Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.