■ In the Matter of JOHN EMBERY, Appellant, v CITY OF NEW YORK, Respondent. [671 NYS2d 984] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated January 17, 1997, which denied his application.

Ordered that the order is affirmed, with costs.

The determination of whether to grant an application for leave to serve a late notice of claim is left to the sound discretion of the court (*see, Matter of Carty v City of New York,* 228 AD2d 592; *Matter of Rudisel v City of New York,* 217 AD2d 702; *Ortega v New York City Hous. Auth.,* 167 AD2d 337). Here, the Supreme Court did not improvidently exercise its discretion in denying the petitioner's application.

The petitioner's excuse for his delay in serving a notice of claim, that he was unfamiliar with the statutes of New York and the necessity to serve a notice of claim within the 90-day statutorily-prescribed period, has repeatedly been held to be unacceptable (*see, Alper v City of New York,* 228 AD2d 390; *Matter of Ragin v City of New York,* 222 AD2d 678; *Matter of Dancy v Poughkeepsie Hous. Auth.,* 220 AD2d 413, 414; *Weber v County of Suffolk,* 208 AD2d 527, 528). Additionally, the petitioner's injury, a fracture to his right lower extremity, is not an incapacitation preventing the serving of a timely notice of claim (*see, Matter of Montanez v City of New York,* 156 AD2d 185; *see also, Matter of Franco v City of New York,* 270 App Div 1050).

There is no demonstration that the City had actual knowledge of this accident within the 90-day statutorily-prescribed period or a reasonable time thereafter (*cf., Matter of Tricomi v New York City Hous. Auth.,* 191 AD2d 447). The conclusory assertion of the petitioner's counsel, who lacked personal knowledge of the facts, that the defective portion of the sidewalk had been in that condition for a long period of time prior to the alleged accident is unsupported by the record.

The unexcused delay in serving a notice of claim and the passage of time has deprived the City of the opportunity to find witnesses promptly or otherwise conduct a timely and meaningful investigation, especially given the transitory nature of the defect in the sidewalk (*cf., Matter of Resto v City of New York,* 240 AD2d 499). Rosenblatt, J. P., Ritter, Krausman and Goldstein, JJ., concur.