■ In the Matter of AUDREY TURNER, Respondent, v TOWN OF OYSTER BAY, Appellant, et al., Defendants. [701 NYS2d 653] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve and file a late notice of claim, the Town of Oyster Bay appeals, as limited by its brief, from so much of an

order of the Supreme Court, Nassau County (Lally, J.), entered December 30, 1998, as, upon granting that branch of its motion which was to vacate its default in answering, denied that branch of its motion which was to vacate a prior order dated March 10, 1998, granting the petition.

Ordered that the order is reversed, on the law, insofar as appealed from, with costs, the motion to vacate the order dated March 10, 1998, is granted, and the petition for leave to serve and file a late notice of claim is denied, and the proceeding is dismissed on the merits.

In a proceeding for leave to serve and file a late notice of claim, the petitioner must establish (1) that the municipality acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or a reasonable time thereafter, (2) a reasonable excuse for the delay, and (3) that the municipality's defense on the merits was not substantially prejudiced by the delay (*see, Matter of Giuliano v Town of Oyster Bay,* 244 AD2d 408; *Matter of Perrault v New York City Tr. Auth.,* 234 AD2d 464).

The petitioner failed to establish that the Town had actual notice of the essential facts of her claim prior to her late application (*see, Joseph v New York City Tr. Auth.,* 237 AD2d 255, 256). Although the Town had received notice that the petitioner had tripped and fallen on a broken sidewalk, the proposed notice of claim alleged that she had fallen on a sidewalk which was "raised and uplifted by tree roots". Moreover, the petitioner's ignorance of the statutory requirement that a notice of claim must be served within 90 days after accrual of the claim is not a viable excuse for the delay (*see, Matter of Ragin v City of New York,* 222 AD2d 678). Finally, given the transitory nature of sidewalk defects (*see, Caselli v City of New York,* 105 AD2d 251, 253), and since the degree to which the sidewalk was raised would necessarily vary with the passage of time, it follows that the Town was prejudiced by not being able to conduct a proper investigation while the facts surrounding the incident were still fresh (*see, Zapata v City of New York,* 225 AD2d 543). Bracken, J. P., Santucci, Altman and H. Miller, JJ., concur.