■ In the Matter of MARIYA GOFMAN, Respondent, v CITY OF NEW YORK, Appellant. [702 NYS2d 620] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the City of New York appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated November 6, 1998, which granted the application.

Ordered that the order is reversed, on the law, with costs, the application to serve a late notice of claim is denied, and the proceeding is dismissed.

The fact that the petitioner was unaware that General Municipal Law § 50-e requires a notice of claim to be served within 90 days after accrual of the claim, is not a legally acceptable excuse for the failure to comply (*see, Matter of Ragin v City of New York,* 222 AD2d 678). The petitioner also failed to proffer any excuse for the further delay of six months between the time she became aware of the notice of claim requirement and the time she applied for leave to serve a late notice of claim. In addition, the petitioner offered no evidence that the City had timely notice of the essential facts of her claim before her late application (*see, Joseph v New York City Tr. Auth.,* 237 AD2d 255, 256). Finally, given the transitory nature of sidewalk defects (*see, Caselli v City of New York,* 105 AD2d 251, 253), the City was prejudiced by its inability to conduct a proper investigation while the facts surrounding this incident were still fresh (*see, Zapata v City of New York,* 225 AD2d 543, 544). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.