■ In the Matter of ERIC ERICKSON et al., Appellants, v CITY OF NEW YORK, Respondent. [711 NYS2d 728] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal (1) from an order of the Supreme Court, Queens County (Lisa, J.), dated September 2, 1999, which denied the application, and (2), as limited by their brief, from so much of an order of the same court dated January 3, 2000, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated September 2, 1999, is dismissed, as that order was superseded by the order dated January 3, 1999, made upon reargument; and it is further,

Ordered that the order dated January 3, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

In determining whether to grant or deny an application for leave to serve a late notice of claim, the key factors to consider

are whether the petitioner has met his or her burden to show (1) a reasonable excuse for the delay, (2) that the municipality acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or a reasonable time thereafter, and (3) that the municipality was not prejudiced by the delay (*see, Matter of Guiliano v Town of Oyster Bay*, 244 AD2d 408; *Matter of Perrault v New York City Tr. Auth.*, 234 AD2d 464). The petitioners failed to establish these elements and, thus, the application was properly denied. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.