■ In the Matter of MYRODES KONSTANTINIDES, Respondent, v CITY OF NEW YORK, Appellant. [717 NYS2d 301] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the defendant appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated January 31, 2000, which granted the application.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the application is denied.

In determining whether to grant leave to serve a late notice of claim, the court must consider "whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [90 days after it arose] * * * or within a reasonable time thereafter" (General Municipal Law

§ 50-e [5]). The court shall also consider "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (General Municipal Law § 50-e [5]).

The Supreme Court improvidently exercised its discretion in granting the petitioner's application for leave to serve a late notice of claim, made over six months after the accident. The listing of the alleged sidewalk defect on a map filed by the Big Apple Pothole and Sidewalk Protection Corporation nine months before the accident did not suffice to give the City actual knowledge of the essential facts or nature of the petitioner's claim (*see, Matter of Gomez v City of New York,* 250 AD2d 443; *Matter of DiBella v City of New York,* 234 AD2d 366, 367; *Matter of Adlowitz v City of New York,* 205 AD2d 369; *Matter of Rios v City of New York,* 180 AD2d 801). Furthermore, the delay substantially prejudiced the City's ability to investigate the alleged sidewalk defect and other circumstances surrounding the accident (*see, Matter of Gofman v City of New York,* 268 AD2d 588; *Matter of Morrison v New York City Health & Hosps. Corp.,* 244 AD2d 487; *Speciale v City of New York,* 204 AD2d 430). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.