■ In the Matter of MIRIAM AGUILAR, Appellant, v TOWN OF ISLIP et al., Respondents. [741 NYS2d 732] —In a proceeding pur-

suant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated July 16, 2001, which denied the application.

Ordered that the order is affirmed, with one bill of costs.

In determining an application for leave to serve a late notice of claim, a court should consider whether the municipality acquired actual knowledge of the facts constituting the claim within the statutory 90-day period or a reasonable time thereafter, whether the movant demonstrated a reasonable excuse for failing to serve a timely notice of claim, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see General Municipal Law § 50-e [1] [a]; [5]; *Rabanar v City of Yonkers,* 290 AD2d 428; *Matter of Konstantinides v City of New York,* 278 AD2d 235; *Matter of Turner v Town of Oyster Bay,* 268 AD2d 526). The Supreme Court providently exercised its discretion in denying the petitioner's application for leave to serve a late notice of claim upon the respondents. Even assuming that the petitioner's erroneous belief that the Long Island Railroad owned the parking lot where she fell constituted a reasonable excuse for her delay (see *Matter of Flynn v Town of Oyster Bay,* 256 AD2d 341; *Matter of Goldberg v County of Suffolk,* 227 AD2d 482), neither respondent had notice of the facts underlying the petitioner's claim until she sought leave to serve a late notice of claim upon them. Furthermore, given the transitory nature of the alleged defect in the pavement of the parking lot, the Supreme Court properly concluded that the delay would prejudice the respondents' ability to investigate the defect and other circumstances surrounding the accident (see *Matter of Konstantinides v City of New York, supra; Matter of Turner v Town of Oyster Bay, supra; Matter of Gofman v City of New York,* 268 AD2d 588; *Matter of Embery v City of New York,* 250 AD2d 611). Florio, J.P., Smith, Krausman and Townes, JJ., concur.