■ In the Matter of CAROLE PAPAYANNAKOS et al., Appellants, v LEVITTOWN MEMORIAL SPECIAL EDUCATION CENTER et al., Respondents. [834 NYS2d 214]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Nassau County (LaMarca, J.), dated April 27, 2006, which denied the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim upon the respondents. The petitioners did not offer a valid excuse for their failure to timely serve a notice of claim. The injured petitioner's assertion that the six-month delay in seeking leave to serve a late notice was due to her physical incapacity and pain was supported solely by her own conclusory and self-serving allegations and those of her counsel (see Matter of Aliberti v City of Yonkers, 302 AD2d 456 [2003]; Robertson v New York City Hous. Auth., 237 AD2d 501 [1997]; Matter of Caruso v County of Westchester, 220 AD2d 746 [1995]). Furthermore, the petitioner George Papayannakos did not proffer any acceptable excuse on his own behalf for the delay in seeking leave to serve a late notice (see Matter of Bensen v Town of Islip, 99 AD2d 755, 756 [1984]).

Moreover, there is no evidence in the record establishing that the respondents acquired actual knowledge of the facts constituting the claim within 90 days from accrual of the claim or a reasonable time thereafter (see Matter of Alexander v Board of Educ. for Vil. of Mamaroneck, 18 AD3d 654 [2005]; Matter of Pico v City of New York, 8 AD3d 287 [2004]; Matter of Termini v Valley Stream Union Free School Dist. No. 13, 2 AD3d 866

[2003]). Finally, given the transitory nature of the alleged pavement depression, the six-month delay substantially prejudiced the respondents' ability to investigate the defect and other circumstances surrounding the accident (*see Matter of Aguilar v Town of Islip*, 294 AD2d 358, 359 [2002]; *Matter of Konstantinides v City of New York*, 278 AD2d 235 [2000]; *Matter of Gofman v City of New York*, 268 AD2d 588 [2000]; *Matter of Turner v Town of Oyster Bay*, 268 AD2d 526 [2000]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.