In a proceeding pursuant to General Municipal Law § 50-e (5) and Public Authorities Law § 1691 for leave to serve a late notice of claim upon the Dormitory Authority of State of New York, the appeal is from an order of the Supreme Court, Kings County (Schack, J.), dated October 12, 2007, which granted the petitioner’s motion for leave to renew and reargue the petition, which had been determined in a judgment of the same court entered February 16, 2007, which, upon an order of the same court dated January 5, 2007, inter alia, denying the petition, was in favor of the Dormitory Authority of State of New York and against him dismissing the proceeding and, upon renewal and reargument, vacated the judgment and granted the petition.
Ordered that the order dated October 12, 2007, is modified, on the law, (1) by deleting the provision thereof granting that *781 branch of the petitioner’s motion which was for leave to renew the petition and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provisions thereof, upon reargument, vacating the judgment and granting the petition and substituting therefor a provision, upon reargument, adhering to the determination in the order dated January 5, 2007, denying the petition, and the determination in the judgment entered February 16, 2007, dismissing the proceeding; as so modified, the order dated October 12, 2007, is affirmed, with costs to the appellant, and the judgment is reinstated.
The petitioner allegedly sustained personal injuries when he slipped as a result of metal scraps and oil on the floor while on a construction job at Kings County Hospital. A notice of claim was timely served upon New York City Health & Hospitals Corporation (hereinafter NYCHHC), the owner of Kings County Hospital. The petitioner then changed attorneys. Before the petitioner commenced an action against NYCHHC, his new attorney first commenced a proceeding on his behalf against his employer pursuant to CPLR 3102 (c) for pre-action disclosure of the identities of the owner of the hospital and the general contractor for the project. While that proceeding was pending, the petitioner commenced the instant proceeding for leave to serve a late notice of claim upon the Dormitory Authority of State of New York (hereinafter the Authority), as a putative owner. In opposition, the Authority denied ownership of Kings County Hospital.
The Supreme Court initially denied the petition in the instant proceeding upon a finding that it was without merit. Thereafter, in the course of discovery obtained from a nongovernmental defendant in a separate action commenced in the Supreme Court, New York County, which also arose from the same accident, the petitioner discovered the existence of contracts between the Authority and other contractors referable to the subject project, in which the Authority was repeatedly and consistently described as the “owner.” Based in part upon this newly-discovered evidence, the petitioner moved for leave to renew and reargue the petition in the instant proceeding.
In opposition, the Authority, by affirmation of counsel, explained that the term “owner” in the context of these contracts meant the owner of the contract, not the owner of the hospital. The court, upon conducting its own search of the real property Web site operated by the City of New York, known as “ACRIS,” determined that NYCHHC, and not the Authority, was the owner of the hospital. However, the court then determined that the Authority was clearly an agent of the owner *782 and, as such, a proper party defendant, subject to a cause of action under the Labor Law. It thus granted the motion for leave to renew and reargue the petition and, upon renewal and reargument, granted the petition for leave to serve a late notice of claim upon the Authority. The Authority appeals, and we modify so as to deny renewal and, upon reargument, adhere to the determination in the order dated January 5, 2007, denying the petition, and the determination in the judgment entered February 16, 2007, dismissing the proceeding.
The petitioner did not set forth a reasonable excuse for the delay in commencing the instant proceeding approximately one year after the accident. While that factor alone would not necessarily be fatal to the petitioner’s position, he also did not meet his burden of demonstrating that the Authority was not prejudiced in its investigation or defense on the merits of the claim by the lengthy delay (see Matter of Turner v Town of Oyster Bay, 268 AD2d 526 [2000]), that the essential facts of the claim were known to it within the 90-day period following the accident or a reasonable time thereafter (see Jordan v City of New York, 41 AD3d 658 [2007]), and that within the statutory time frame, it was aware of the specific claim asserted by the petitioner and not just that an incident had occurred (see Pappalardo v City of New York, 2 AD3d 699 [2003]; see also Matter of Felice v Eastport/South Manor Cent. School Dist, 50 AD3d 138 [2008]).
Since the petitioner did not articulate a reasonable justification for his failure to include the newly-discovered evidence in the petition in the first instance, and the newly-discovered evidence would not have required a different outcome on the petition in any event, renewal was not warranted (see CPLR 2221 [e]).
Moreover, in light of the foregoing, upon reargument, the Supreme Court erred in granting the petition for leave to serve a late notice of claim upon the Authority. Spolzino, J.B, Florio, Miller and Leventhal, JJ., concur.