■ In the Matter of MOZELLE PURIFOY, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [877 NYS2d 419]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Suffolk County (Mayer, J.), dated June 2, 2008, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim on the County of Suffolk. The key factors to be considered are whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Termini v Valley Stream Union Free School Dist. No. 13*, 2 AD3d 866, 867 [2003]; *Matter of DiBella v City of New York*, 234 AD2d 366, 367 [1996]).

The petitioner did not offer a reasonable excuse for her failure to serve a timely notice of claim upon the County (*see Matter of Termini v Valley Stream Union Free School Dist. No. 13*, 2 AD3d at 867; *Matter of Gilliam v City of New York*, 250 AD2d 680 [1998]; *Matter of Embery v City of New York*, 250 AD2d 611 [1998]). Furthermore, the petitioner failed to establish that the

County possessed any records which provided the County with actual notice of the essential facts constituting her claim within 90 days of its accrual or a reasonable time thereafter (see Matter of Eaddy v County of Nassau, 282 AD2d 675 [2001]; Matter of Przybyszewski v City of New York, 225 AD2d 556 [1996]; Matter of Caruso v County of Westchester, 220 AD2d 746 [1995]). Moreover, the petitioner failed to establish that the 11-month delay after the expiration of the 90-day statutory period would not substantially prejudice the County in maintaining a defense on the merits (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 152 [2008]; Matter of Lorseille v New York City Hous. Auth., 295 AD2d 612 [2002]; Matter of Sica v Board of Educ. of City of N.Y., 226 AD2d 542 [1996]). Spolzino, J.P., Santucci, Angiolillo and Leventhal, JJ., concur.