In the Matter of SHANE RICCIO et al., Appellants, v TOWN OF EASTCHESTER, Respondent. [883 NYS2d 714]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 1, 2008, which denied the petition.

Ordered that the order is affirmed, with costs.

On July 13, 2007 the infant petitioner Shane Riccio allegedly was injured in the playground of Lake Isle Park in the respondent Town of Eastchester when he was knocked from a slide. More than 10 months later, on May 23, 2008, Shane and his mother (hereinafter together the petitioners) petitioned for leave to serve a late notice of claim upon the Town, alleging that Shane's injuries were caused by the Town's negligence. The Supreme Court denied the petition. We affirm.

The Supreme Court did not improvidently exercise its discretion in denying the petition. First, the petitioners failed to establish that the Town had actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]). The knowledge of the Town's Police Department of the injury may not be imputed to the Town (*see Matter of National Grange Mut. Ins. Co. v Town of Eastchester,* 48 AD3d 467, 468 [2008]; *Matter of Perry v City of New York,* 133 AD2d 692, 693 [1987]). Furthermore, the Eastchester Police Department call report, the injury report filled out by an employee of Lake Isle Park, and a subsequent memorandum of the General Manager of Lake Isle Park, failed to establish any connection between the accident and any alleged negligence of the Town (*see Pappalardo v City of New York,* 2 AD3d 699, 700 [2003]; *Meehan v City of New York,* 295 AD2d 581, 582 [2002]). Additionally, the petitioners failed to offer a reasonable excuse for their failure to serve a timely notice of claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138, 150-151 [2008]; *Matter of Doyle v Elwood Union Free School Dist.,* 39 AD3d 544, 545 [2007]; *Matter of Lodati v City of New York,* 303 AD2d 406, 407 [2003]). Finally, the petitioners failed to show that the seven-month delay after the expiration of the 90-day statutory period would not substantially prejudice the Town in maintaining its defense on the merits (*see Matter of Purifoy v County of Suffolk,* 61 AD3d 873 [2009]; *Grogan v Seaford Union Free School Dist.,* 59 AD3d 596, 597 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d

at 152). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.