■ In the Matter of JOSEPH VALENTINE, Respondent, v CITY OF NEW YORK, Appellant. [898 NYS2d 515]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Kings County (Miller, J.), dated December 23, 2008, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.

In exercising its discretion to grant leave to serve a late notice of claim, the Supreme Court must consider various factors, including whether (1) the claimant is an infant, (2) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]; *Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 56 AD3d 591, 593 [2008]; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832 [2008]).

The petitioner's excuse for his delay was unreasonable since he failed to demonstrate that his injury, a fractured wrist, incapacitated him to such an extent that neither he nor his mother could have complied with the statutory requirement to serve a timely notice of claim (*see Matter of Korman v Bellmore Pub. Schools*, 62 AD3d 882, 883 [2009]; *Matter of Portnov v City of Glen Cove*, 50 AD3d 1041, 1042-1043 [2008]; *Matter of Embery v City of New York*, 250 AD2d 611 [1998]). Furthermore, there was no indication that the City of New York acquired actual knowledge of the essential facts constituting the claim within 90 days of the accident or a reasonable time thereafter (*see Matter of Purifoy v County of Suffolk*, 61 AD3d 873, 873-874 [2009]; *Matter of Aguilar v Town of Islip*, 294 AD2d 358, 359 [2002]; *Matter of Embery v City of New York*, 250 AD2d at 611). Finally, the petitioner failed to demonstrate that the City will not be prejudiced by the nine-month delay, especially given the transitory nature of the defect in the sidewalk (*see Matter of Papayannakos v Levittown Mem. Special Educ. Ctr.*, 38 AD3d 902, 903 [2007]; *Matter of Gofman v City of New York*, 268 AD2d 588 [2000]; *Matter of Turner v Town of Oyster Bay*, 268 AD2d 526, 527 [2000]). We note that the photograph upon which the petitioner relies was not authenticated by evidence sufficient to establish that the condition at the time of the petitioner's fall was substantially as shown in the photograph (*see Anderson v*

*Weinberg*, 70 AD3d 1438 [2010]; *Young v Ai Guo Chen*, 294 AD2d 430, 431 [2002]). Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.