In the Matter of RIZWAN KHALID, Respondent, v CITY OF NEW YORK, Appellant. [937 NYS2d 124]—

In determining whether to grant leave to serve a late notice of claim, a court must consider various factors, including whether (1) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the claimant was an infant, or mentally or physically incapacitated, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Keyes v City of New York*, 89 AD3d 1086 [2011]; *Matter of Nurse v City of New York*, 87 AD3d 543, 544 [2011]; *Matter of Tonissen v Huntington U.F.S.D.*, 80 AD3d 704, 704-705 [2011]).

The petitioner did not demonstrate a reasonable excuse for failing to serve a timely notice of claim. While the petitioner may have been physically incapacitated during the first three months after the accident, he failed to demonstrate a reasonable excuse for the additional five-month delay after counsel was retained before properly filing the present petition for leave to serve a late notice of claim (*see Matter of Hill v New York City Tr. Auth.*, 68 AD3d 866, 867 [2009]; *Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078, 1079 [2009]; *Matter of Baglivi v Town of Southold*, 301 AD2d 597, 598 [2003]).

Furthermore, the City of New York did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. The curb defect indicated on a map filed with the New York City Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation six years before the accident did not suffice to give the City actual knowledge of the essential facts constituting the petitioner's claim (*see Matter of Konstantinides v City of New York*, 278 AD2d 235, 236 [2000]; *Matter of Rios v City of New York*, 180 AD2d 801, 802 [1992]). Notably, the City did not have actual timely knowledge of the petitioner's accident, his injuries, or the facts underlying his theory of liability against the City (*see Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 889 [2011]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]; *Matter of Nieves v Girimonte*, 309 AD2d 753 [2003]). Finally, the petitioner failed to demonstrate that the City would not be prejudiced if this petition were granted and a notice of claim were permitted to be served almost nine months after the accident, especially given the transitory nature of the defect in the curb and the admittedly changed condition of the accident site (*see Matter of Valentine v City of New York*, 72 AD3d 981, 982 [2010]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 153; *Matter of Aguilar v Town of Islip*, 294 AD2d 358, 359 [2002]; *cf. Matter of Ruffino v City of New York*, 57 AD3d 550, 551 [2008]).

Accordingly, the petition for leave to serve a late notice of claim should have been denied. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.