■ In the Matter of Lizzette Ramos-Elizares et al., Respondents, v Westchester County Healthcare Corporation, Appellant. [942 NYS2d 794]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Westchester County Healthcare Corporation appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered October 14, 2011, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.

In exercising its discretion to grant leave to serve a late notice of claim, a court must consider various factors, including whether (1) the petitioners have demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; Public Authorities Law § 3316 [1]; *Matter of Magana v Westchester County Health Care Corp.*, 89 AD3d 851 [2011]; *Matter of Barnes v New York City Health & Hosps. Corp.*, 69 AD3d 934 [2010]; *Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134, 1135 [2008]).

Here, the evidence submitted by the petitioners did not establish that the appellant had actual knowledge of the essential facts constituting the claim within the requisite 90-day period or a reasonable time thereafter. Merely having or creating hospital records, without more, does not establish actual knowledge of a potential claim where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury on the petitioner attributable to malpractice (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Contreras v 357 Dean St. Corp.*, 77 AD3d 604, 606 [2010]; *Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.]*, 74 AD3d 713, 714 [2010]; *Contreras v KBM Realty Corp.*, 66 AD3d 627, 630 [2009]; *Matter of Ali v New York City Health & Hosps. Corp.*, 61 AD3d 860, 861 [2009]). Here, the petitioners failed to establish that the alleged malpractice was apparent from an independent review of the medical records (*cf. Matter of Godoy v Nassau Health Care Corp.*, 49 AD3d 541, 542 [2008]; *Cifuentes v New York City Health & Hosps. Corp.*, 43 AD3d 385, 386 [2007]). The petitioners also failed to establish that the six-month delay after the expiration of the 90-day period would not substantially prejudice the appellant's ability to investigate the claim and maintain a defense on the merits (*see Matter of Liebman v New York City Dept. of Educ.*, 69 AD3d 633 [2010]; *Matter of Riccio v Town of Eastchester*, 65 AD3d 591, 592 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152 [2008]; *Matter of del Carmen v Brentwood Union Free School Dist.*, 7 AD3d 620, 621 [2004]; *Matter of Lorseille v New York City Hous. Auth.*, 295 AD2d 612 [2002]). Accordingly, the petition should have been denied. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.