■ In the Matter of GAIL MITCHELL, Respondent, v TOWN OF GREENBURGH, Appellant, et al., Respondent. [946 NYS2d 220]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Town of Greenburgh appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered July 7, 2011, as granted that branch of the petition which was for leave to serve a late notice of claim upon it.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, and that branch of the petition which was for leave to serve a late notice of claim upon the Town of Greenburgh is denied.

In determining whether to grant an application for leave to serve a late notice of claim, the key factors that the court must consider are whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant made an excusable error concerning the identity of the public corporation, whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (*see* General Municipal Law § 50-e [5]; *Matter of Gershanow v Town of Clarkstown*, 88 AD3d 879, 880 [2011]; *Matter of Iacone v Town of Hempstead*, 82 AD3d 888 [2011]; *Hebbard v Carpenter*, 37 AD3d 538, 540 [2007]).

The petitioner contends that the Town of Greenburgh acquired timely, actual knowledge of the facts constituting the claim by reason of an incident report that she filed with the Town of Greenburgh Police Department 21 days after the incident. The fact that the Town of Greenburgh Police Depart-

ment had knowledge of this incident, without more, cannot be considered actual knowledge of the claim against the Town (*see Matter of Leiblein v Clark*, 207 AD2d 348, 350 [1994]; *Caselli v City of New York*, 105 AD2d 251, 255 [1984]; *Williams v Town of Irondequoit*, 59 AD2d 1049 [1977]). Furthermore, the police incident report failed to provide the Town with actual knowledge of the facts constituting the petitioner's claim that the hole in which she fell was located on property owned or maintained by the Town (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Matter of Mitchell v City of New York*, 77 AD3d 754, 755 [2010]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Matter of National Grange Mut. Ins. Co. v Town of Eastchester*, 48 AD3d 467, 468 [2008]). Moreover, even if we were to consider the petitioner's contention, which was improperly raised for the first time in her papers in reply, that the Greenburgh Consolidated Water and Sewer District had notice of the hole both before and after the incident, that notice did not suffice to give the Town actual knowledge of the essential facts constituting the petitioner's claim against it (*see Matter of Khalid v City of New York*, 91 AD3d 779, 780 [2012]; *Matter of Konstantinides v City of New York*, 278 AD2d 235, 236 [2000]; *Matter of Rios v City of New York*, 180 AD2d 801, 802 [1992]).

In addition, the petitioner failed to demonstrate a reasonable excuse for her $3^{1}/_{2}$-month delay in retaining an attorney.

Finally, the petitioner failed to establish that the Town would not be prejudiced by the eight-month delay, after the accident, in seeking leave to serve a late notice of claim (*see Matter of Khalid v City of New York*, 91 AD3d at 780; *Matter of Valentine v City of New York*, 72 AD3d 981, 982 [2010]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 153 [2008]; *Matter of Aguilar v Town of Islip*, 294 AD2d 358, 359 [2002]).

Accordingly, the Supreme Court should have denied that branch of the petition which was for leave to serve a late notice of claim on the Town. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.