■ In the Matter of JOSEPH BELL, Respondent, v CITY OF NEW YORK, Appellant. [954 NYS2d 229]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Kings County (Ash, J.), dated August 12, 2011, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim. The petitioner failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the delay in filing the petition (*see Matter of Dube v City of New York*, 158 AD2d 457 [1990]). The petitioner's ignorance of the law and late retention of counsel did not constitute reasonable excuses (*see Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]; *Matter of Ealey v City of New York*, 204 AD2d 720 [1994]). Furthermore, the petitioner failed to submit any medical evidence to support his assertion that he was incapacitated

to such an extent that he could not have complied with the statutory requirement to serve a timely notice of claim (*see Matter of Taylor v County of Suffolk*, 90 AD3d at 770; *Matter of Wright v City of New York*, 66 AD3d at 1038; *Matter of Portnov v City of Glen Cove*, 50 AD3d 1041 [2008]; *Matter of Papayannakos v Levittown Mem. Special Educ. Ctr.*, 38 AD3d 902 [2007]).

Contrary to the petitioner's contention, the City did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the accident or a reasonable time thereafter. The defect indicated on a map filed with the New York City Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation more than nine years before the accident did not suffice to give the City actual knowledge of the essential facts underlying the petitioner's present claim or his theory of liability against the City (*see Matter of Khalid v City of New York*, 91 AD3d 779, 780 [2012]; *Matter of Konstantinides v City of New York*, 278 AD2d 235 [2000]; *Matter of Rios v City of New York*, 180 AD2d 801, 802 [1992]). In addition, the petitioner failed to demonstrate that his delay of more than four months in commencing this proceeding would not substantially prejudice the City in maintaining its defense, given the transitory nature of the sidewalk defect (*see Matter of Valentine v City of New York*, 72 AD3d 981, 982 [2010]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 153 [2008]; *Matter of Papayannakos v Levittown Mem. Special Educ. Ctr.*, 38 AD3d at 903; *Matter of Gofman v City of New York*, 268 AD2d 588 [2000]).

The petitioner improperly asserted an additional excuse for the delay for the first time in a reply affidavit and, therefore, that excuse could not properly be considered (*see Matter of Wright v City of New York*, 99 AD3d 717 [2012]; *Matter of Cali v City of Poughkeepsie*, 84 AD3d 1229 [2011]; *Fenner v County of Nassau*, 80 AD3d 555, 556 [2011]). Mastro, J.P., Skelos, Chambers and Sgroi, JJ., concur.