In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated March 18, 2011, which granted the petition.
Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim. The petitioner did not demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the approximately one-year delay in filing the petition. The petitioner’s ignorance of the requirement to serve the notice of claim within 90 days after the claim arose did not constitute a reasonable excuse (see Meyer v County of Suffolk, 90 AD3d 720, 721 [2011]; Matter of Bush v City of New York, 76 AD3d 628 [2010]; Matter of Dancy v Poughkeepsie Hous. Auth., 220 AD2d 413 [1995]). Furthermore, the petitioner’s assertions that she did not immediately appreciate the nature and severity of her injury and that she was caring for her seriously ill infant son were unavailing without supporting medical evidence (see Matter of Werner v Nyack Union Free School Dist. 76 AD3d 1026 [2010]; Matter of Wright v City of New York, 66 AD3d 1037, 1038 [2009]; Matter of Felice v Eastport/South Manor Cent. School Dist. 50 AD3d 138, 151 [2008]; Matter of Ridley v New York City Tr. Auth., 38 AD2d 973 [1972]).
In addition, the City did not acquire actual knowledge of the essential facts constituting the claim within the 90-day statutory period or within a reasonable time thereafter (see General Municipal Law § 50-e [5]; Matter of Wright v City of New York, 99 AD3d 717 [2012]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 147; Casias v City of New York, 39 AD3d 681, 682 [2007]; cf. Matter of Battle v City of New York, 261 AD2d 614, 615 [1999]). Moreover, the petitioner failed to establish that the delay in seeking leave to serve a late notice of claim would not substantially prejudice the City in maintaining its defense on the merits, given the passage of time and the *1001 transient nature of the pothole in the street over which the petitioner allegedly tripped and fell (see Zarrello v City of New York, 61 NY2d 628, 630 [1983]; Matter of Wright v City of New York, 99 AD3d 717 [2012]; Matter of Mitchell v Town of Greenburgh, 96 AD3d 852 [2012]; Matter of Khalid v City of New York, 91 AD3d 779, 780 [2012]; Matter of Aguilar v Town of Islip, 294 AD2d 358, 359 [2002]; Caselli v City of New York, 105 AD2d 251, 253 [1984]).
The petitioner’s remaining contentions pertain to matter dehors the record and have not been considered in the determination of the appeal (see Matter of Tonissen v Huntington U.F.S.D., 80 AD3d 704, 706 [2011]). Rivera, J.P., Florio, Dickerson, Leventhal and Lott, JJ., concur.