■ CECILIO RAMIREZ, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [32 NYS3d 201]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated November 21, 2014, which denied his motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim and granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

In determining whether to grant leave to serve a late notice of claim, the court must consider whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Matter of Khalid v City of New York*, 91 AD3d 779, 780 [2012]; *Matter of Acosta v City of New York*, 39 AD3d 629, 630 [2007]).

The plaintiff did not proffer any excuse for his failure to serve a timely notice of claim upon the defendant City of New York (see *Matter of Anderson v New York City Dept. of Educ.*, 102 AD3d 958, 959 [2013]; *Troy v Town of Hyde Park*, 63 AD3d 913, 914 [2009]; *Matter of Ryder v Garden City School Dist.*, 277 AD2d 388 [2000]).

Furthermore, the City did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see General Municipal Law § 50-e [1], [5]). The alleged defects indicated on a map filed with the New York City Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation did not suffice to give the City actual knowledge of the essential facts underlying the plaintiff's present claim or his

theory of liability against the City (*see Matter of Sanchez v City of New York*, 116 AD3d 703, 704 [2014]; *Matter of Bell v City of New York*, 100 AD3d 990, 991 [2012]; *Matter of Khalid v City of New York*, 91 AD3d at 780). Moreover, the plaintiff failed to demonstrate that the City obtained actual knowledge of the essential facts constituting his claim by virtue of alleged prior lawsuits filed against the City involving the same defective sidewalk condition that caused his injuries. There was no showing that the City had actual timely knowledge of the occurrence of the subject accident, the identity of the plaintiff as a claimant, the nature of the claim, the cause of this accident, or of any connection between the plaintiff's alleged injuries and any alleged negligence of the City (*see Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 889 [2011]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Matter of Nieves v Girimonte*, 309 AD2d 753, 754 [2003]; *Matter of Shapiro v County of Nassau*, 208 AD2d 545 [1994]; *Kravitz v County of Rockland*, 112 AD2d 352, 352-353 [1985], *affd* 67 NY2d 685 [1986]).

The plaintiff failed to rebut the City's contention that the delay of one year after the expiration of the 90-day statutory period in seeking leave to serve a notice of claim substantially prejudiced the City's ability to conduct an investigation of the claim at this late date, given the transitory nature of the alleged sidewalk defect (*see Matter of Sanchez v City of New York*, 116 AD3d at 704; *Matter of Bell v City of New York*, 100 AD3d at 991; *Matter of Valentine v City of New York*, 72 AD3d 981, 982 [2010]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim and properly granted the City's cross motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff failed to serve a timely notice of claim (*see Feliciano v New York City Hous. Auth.*, 123 AD3d 876, 877 [2014]). Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.