Palacios v Town of N. Hempstead (2018 NY Slip Op 06927)





Palacios v Town of N. Hempstead


2018 NY Slip Op 06927


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-10550
 (Index No. 12169/13)

[*1]Aaron Palacios, etc., et al., appellants, 
v
Town of North Hempstead, respondent, et al., defendant.


Alan J. Stern, P.C. (Andrew Leftt and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellants.
Elizabeth D. Botwin, Town Attorney, Manhasset, NY (Lorienton N.A. Palmer and Amanda Abata of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (George R. Peck, J.), dated August 19, 2016. The order denied the plaintiffs' motion for leave to serve a late or amended notice of claim.
ORDERED that the order is affirmed, with costs.
On December 18, 2012, the infant plaintiff, who was then seven years old, was struck by a vehicle while crossing Swalm Street in the Town of North Hempstead. The infant plaintiff and his plaintiff mother timely served a notice of claim on the Town. The plaintiffs described the claim as arising from nonfunctioning street lights, which caused the street to be so dark that the defendant driver had difficulty seeing the infant plaintiff crossing the street.
On October 4, 2013, the plaintiffs commenced this action against the Town and the driver to recover damages for the infant plaintiff's personal injuries, and asserting a derivative claim on behalf of the mother. The Supreme Court certified the case for trial on March 11, 2015. In June 2016, the plaintiffs moved for leave to serve a late or amended notice of claim. The proposed amended notice of claim described the infant plaintiff's injuries as arising from the Town's "negligent ownership, operation, control, design, planning, study, retention, supervision, maintenance, repair, inspection, and management of the street, traffic, sidewalks, street lights, and lighting on Swalm Street." The Supreme Court denied the plaintiffs' motion, and the plaintiffs appeal.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to serve the proposed amended notice of claim as a late notice of claim. "In determining a motion for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant demonstrated a reasonable [*2]excuse for the failure to serve a timely notice of claim and for the subsequent delay in seeking leave to serve a late notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits" (Hudson v Patel, 146 AD3d 758, 759 [internal quotation marks omitted]; see General Municipal Law § 50-e[5]; Ramirez v City of New York, 139 AD3d 695).
Here, the plaintiffs failed to proffer a reasonable excuse for the delay in serving a notice of claim that described the infant plaintiff's injuries as arising from any negligence on the part of the Town other than that related to the nonfunctioning street lights, as described in the original notice of claim (see Hudson v Patel, 146 AD3d at 759; Ramirez v City of New York, 139 AD3d at 695; Troy v Town of Hyde Park, 63 AD3d 913, 914). The plaintiffs also failed to demonstrate a causal nexus between the infancy of one of the plaintiffs and the delay (see Bazile v City of New York, 94 AD3d 929, 930). Moreover, the plaintiffs did not demonstrate that, within 90 days after the accident or a reasonable time thereafter, the Town acquired actual knowledge of the essential facts constituting the claim that it was negligent with respect to anything other than the street lights (see Ramirez v City of New York, 139 AD3d at 695; Troy v Town of Hyde Park, 63 AD3d at 914; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 149-150). The plaintiffs also failed to establish that the Town would not be substantially prejudiced by the delay (see Matter of Gonzalez v City of New York, 60 AD3d 1058, 1059; Matter of Flores v County of Nassau, 8 AD3d 377, 378).
The proposed amended notice of claim with respect to the mother's derivative claim is time-barred because the statute of limitations expired before the plaintiffs moved to serve a late notice of claim, and the toll for infancy pursuant to CPLR 208 does not apply to a parent's derivative cause of action (see General Municipal Law § 50-i[1]; Bazile v City of New York, 94 AD3d 929; Blackburn v Three Vil. Cent. School Dist., 270 AD2d 298, 298-299).
We also agree with the Supreme Court's determination denying that branch of the plaintiffs' motion which was for leave to serve an amended notice of claim. A notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change the nature of the claim or the theory of liability (see General Municipal Law § 50-e[6]; Castillo v Kings County Hosp. Ctr., 149 AD3d 896, 897; Ahmed v New York City Hous. Auth., 119 AD3d 494, 495). The proposed amendments to the notice of claim added new theories of liability related to the Town's ownership, operation, control, design, planning, study, retention, supervision, maintenance, repair, inspection, and management of the street and sidewalks on Swalm Street. Such amendments are not technical in nature and are not permitted as late-filed amendments to a notice of claim under General Municipal Law § 50-e(6) (see Priant v New York City Tr. Auth., 126 AD3d 774, 775).
The Town's remaining contention is without merit.
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court