Matter of Smith v Westchester County Health Care Corp. (2018 NY Slip Op 07131)





Matter of Smith v Westchester County Health Care Corp.


2018 NY Slip Op 07131


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-08188
 (Index No. 50283/17)

[*1]In the Matter of Leroy Smith, appellant,
v
Westchester County Health Care Corporation, respondent.


Goldstein & Goldstein, LLP, Poughkeepsie, NY (Paul J. Goldstein of counsel), for appellant.
Wilson, Bave, Conboy, Cozza & Couzens, P.C., White Plains, NY (Claudine L. Weis of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated June 21, 2017. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim alleging medical malpractice upon the respondent. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
In exercising discretion to grant leave to serve a late notice of claim, a court must consider whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after it accrued or within a reasonable time thereafter (see General Municipal Law § 50-e[5]; Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 675). Other factors include whether the claimant provided a reasonable excuse for the failure to serve a timely notice of claim and whether the delay substantially prejudiced the respondent in defending the claim on the merits (see General Municipal Law § 50-e[5]; Matter of Rosenblatt v New York City Health & Hosps. Corp., 149 AD3d 961, 962; Lyles v New York City Health & Hosps. Corp., 121 AD3d 648, 649).
The Supreme Court providently exercised its discretion in declining to grant leave to serve a late notice of claim. The petitioner's ignorance of the requirement to serve the notice of claim within 90 days after the claim arose did not constitute a reasonable excuse (see Matter of Minkowicz v City of New York, 100 AD3d 1000; Meyer v County of Suffolk, 90 AD3d 720, 721; Matter of Bush v City of New York, 76 AD3d 628). Furthermore, the petitioner failed to demonstrate through admissible medical evidence that he was incapacitated to such an extent that he could not have complied with the statutory requirement to serve a timely notice of claim (see Matter of Cuccia [*2]v Metropolitan Transp. Auth., 150 AD3d 849, 850; Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 978; Matter of Wright v City of New York, 99 AD3d 717, 718).
Additionally, the evidence submitted by the petitioner did not establish that the respondent had actual knowledge of the essential facts constituting the claim within the requisite 90-day period or a reasonable time thereafter. Merely having or creating hospital records, without more, does not establish actual knowledge of a potential claim where the records do not evince that the medical staff, by its acts or omissions, inflicted an injury on the petitioner attributable to malpractice (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d at 677; Williams v Nassau County Med. Ctr., 6 NY3d 531, 537; Matter of Ramos-Elizares v Westchester County Healthcare Corp., 94 AD3d 1130, 1131). Here, the petitioner failed to establish that the alleged malpractice was apparent from an independent review of the medical records.
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
DILLON, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court