■ JOSE COTTO, Appellant, v CITY OF NEW YORK et al., Respondents. — In a medical malpractice action to recover damages for personal injuries, plaintiff appeals (1) from an order of the Supreme Court, Kings County (Morton, J.), dated March 5, 1982, which granted defendants' motion for summary judgment dismissing the complaint for failure to serve a timely notice of claim; and (2) as limited by his brief, from so much of an order of the same court dated December 7, 1982, as, upon reargument, adhered to its original determination. Appeal from the order dated March 5, 1982, dismissed, without costs or disbursements. That order was superseded by the order dated December 7, 1982, made upon reargument. Order dated December 7, 1982, reversed, insofar as appealed from, without costs or disbursements, order dated March 5, 1982 vacated, defendants' motion denied and complaint reinstated. The critical issue is whether a sequence of medical treatments initially administered at a City of New York public hospital, followed by referral to a private hospital where the patient is treated for the original complaint, should be characterized as a single continuous course of treatment for purposes of tolling the 90-day notice of claim period required by section 50-e (subd 1, par [a]) of the General Municipal Law and subdivision 2 of section 20 of the New York City Health and Hospitals Corporation Act (L 1969, ch 1016, § 1, as amd L 1973, ch 877, § 1). We conclude that the treatment received following the referral should be imputed to defendants because of the close nexus between the two hospitals. The basic facts are undisputed. The alleged acts of malpractice occurred prior to October 22, 1976, at Cumberland Hospital, which was operated and maintained by defendant New York City Health and Hospitals Corporation. Plaintiff initially went to the emergency room complaining of pain in his prostate area. After X rays were taken, he was instructed to return to the Genito-Urinary Clinic for a follow-up examination. His pain persisted despite several more treatments at Cumberland Hospital. On October 22, 1976, his last physical appearance at Cumberland Hospital, plaintiff was directed to go to Brooklyn Hospital. Brooklyn Hospital was privately owned and operated. The name of the division where plaintiff was admitted, "The Brooklyn Hospital at the Brooklyn-Cumberland Medical Center", suggests the close interrelationship between the two entities. In fact, the relationship of the two hospitals was

evidenced by an agreement executed on September 7, 1966 which allegedly is still in existence. The agreement obligated the City of New York to operate and maintain Cumberland Hospital as a general hospital. Brooklyn Hospital was retained to supervise and provide professional services for medical care at Cumberland Hospital. Brooklyn Hospital also had broad discretion with regard to the establishment of medical policy, the organization and operation of the medical staff and the operation of intern and residency programs at Cumberland Hospital, subject to the supervision of the Commissioner of Hospitals of the City of New York. Based in part on information contained in his medical records at Cumberland Hospital, plaintiff was admitted to Brooklyn Hospital with a diagnosis of epididymitis orchitis. He was still complaining of the same pain in his prostate area and had swelling in both testicles. He was treated with antibiotics, but his fever continued to rise. The right testicle, which did not respond to treatment, had to be surgically removed. He was discharged from the hospital on November 9 and returned for a follow-up examination on November 22, 1976. On January 25, 1977, plaintiff served a notice of claim alleging that his condition was misdiagnosed and mistreated at the "Brooklyn-Cumberland Medical Center", during a course of treatments from October 10, 1976 to November 22, 1976. The instant action was commenced on or about August 23, 1977. As an affirmative defense, defendants alleged that plaintiff's notice of claim was untimely. In his verified bill of particulars, plaintiff alleged that the negligent acts occurred at the emergency room of "Brooklyn-Cumberland" Hospital between October 10 and October 22, 1976. Moreover, plaintiff alleged that he was forced to undergo surgery at Brooklyn Hospital because of defendants' negligence. In granting defendants' motion for summary judgment, Special Term held that the action accrued no later than October 22, 1976 by plaintiff's own admission in his bill of particulars. Using this date as a starting point, Special Term dismissed the complaint for failure to serve a timely notice of claim within the 90-day period required by section 50-e (subd 1, par [a]) of the General Municipal Law, and subdivision 2 of section 20 of the New York City Health and Hospitals Corporation Act (L 1969, ch 1016, § 1, as amd L 1973, ch 877, § 1). We reverse. It is clear that plaintiff needed further treatment when Cumberland Hospital referred him to Brooklyn Hospital. In the record before us, there is no indication that either Cumberland or the patient considered treatment to be completed at the time of this referral. Plaintiff placed his confidence in the hands of Cumberland Hospital's medical staff. He was in no position to question the corrective measures taken there, and had a right to expect that hospital to take whatever action was necessary to treat him properly (see *Barrella v Richmond Mem. Hosp.*, 88 AD2d 379). The act of referral did not sever the confidential hospital-patient relationship, and Cumberland Hospital has a continuing responsibility. When, as was apparent herein, Cumberland Hospital was unable to provide adequate medical treatment, it was obligated to refer the patient before his condition became irreparable. Under these circumstances, the case at bar is analogous to *Borgia v City of New York* (12 NY2d 151) where the Court of Appeals noted that it would be absurd to expect a patient to interrupt corrective efforts by filing a notice of claim and commencing a lawsuit. This is also true in a case such as this where there is such a significant nexus between the two hospitals (cf. *McDermott v Torre*, 56 NY2d 399). Accordingly, we agree with Special Term's conclusion that the action accrued no later than October 22, 1976, but, in addition, we conclude that the continuous treatment exception enunciated in *Borgia* (*supra*) is applicable to the situation at bar. The running of the 90-day notice of claim period was tolled during the period when plaintiff received treatment at Brooklyn Hospital. The service of the notice of claim on January 25, 1977 was within 90 days from the last date of continuous

treatment at Brooklyn Hospital, and was, therefore, timely (see *McDermott v Torre, supra; Barrella v Richmond Mem. Hosp., supra*). There is no merit to plaintiff's remaining contentions, but for the reasons stated above, the complaint should be reinstated. Lazer, J. P., Bracken, O'Connor and Brown, JJ., concur.