■ MARIA NURENA, Appellant, v WESTCHESTER COUNTY et al., Respondents. [992 NYS2d 86]—

In an action, inter alia, to recover damages for employment discrimination on the basis of disability in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated June 3, 2013, which denied her motion for leave to serve a late notice of claim and, in effect, directed the dismissal of the complaint.

Ordered that the order is affirmed, with costs.

"In determining whether to grant an application for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider whether (1) the public corporation or its attorney or insurance carrier acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant made an excusable error concerning the identity of the public corporation against which the claim should be asserted, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (*see* General Municipal Law § 50-e [5]), and (4) the delay would substantially prejudice the public corporation in its defense on the merits" (*Platt v New York City Health & Hosps. Corp.*, 105 AD3d 1026, 1027 [2013]; *see Matter of Mitchell v Town of Greenburgh*, 96 AD3d 852, 852 [2012]; *Matter of Gershanow v*

*Town of Clarkstown*, 88 AD3d 879, 880 [2011]). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (*Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 888-889 [2011] [citations omitted]; *see Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). "A petition for leave to serve a late notice of claim is addressed to the sound discretion of the court" (*Matter of Harper v City of New York*, 69 AD3d 939, 940 [2010]; *see Matter of Blair v Pleasantville Union Free School Dist.*, 52 AD3d 827, 827 [2008]; *Matter of McLean v Valley Stream Union Free School Dist. 30*, 48 AD3d 571, 571-572 [2008]).

Here, in support of her motion, the plaintiff did not furnish a reasonable excuse for her failure to serve a timely notice of claim. Further, contrary to the plaintiff's contention, her December 9, 2009, letter, sent approximately three months after the 90-day statutory period had elapsed, did not provide the defendant Westchester County with actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the statutory period (*see Matter of Sanchez v City of New York*, 116 AD3d 703 [2014]; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791 [2014]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 815 [2013]). Additionally, the plaintiff failed to satisfy her initial burden of demonstrating a lack of substantial prejudice to the defendants should service of the late notice of claim be allowed. Thus, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to serve a late notice of claim.

"The failure to timely serve a notice of claim in a tort action against an employee of a municipality who was acting within the scope of his [or her] public employment and in the discharge of his [or her] duties when the tort allegedly was committed requires dismissal of the complaint" (*Dorce v United Rentals N. Am., Inc.*, 78 AD3d 1110, 1110 [2010]; *see generally* General Municipal Law § 50-e [1] [b]; *Analisa Salon, Ltd. v Elide Props., LLC*, 46 AD3d 721, 725 [2007]; *Smith v Scott*, 294 AD2d 11, 18-19 [2002]). Contrary to the plaintiff's contentions, under the circumstances of this case, her failure to serve a notice of claim requires the dismissal of the complaint insofar as asserted against the defendants Thomas Belfiore and Demosthenes Long as well as the County, as these individual defendants were acting within the scope of their public employment and in the discharge of their duties when they committed the acts alleged by

the plaintiff. Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.