■ QADR LYLES, an Infant, by His Mother and Natural Guardian, NASTASSIA HERNANDEZ, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [993 NYS2d 344]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), entered March 11, 2013, which denied his motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc, and (2) an order of the same court entered October 7, 2013, which denied his motion for leave to reargue and renew his prior motion.

Ordered that the appeal from so much of the order entered October 7, 2013, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered March 11, 2013, is affirmed; and it is further,

Ordered that the order entered October 7, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In determining a motion for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the subsequent delay in seeking leave to serve a late notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790 [2014]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Bazile v City of New York*, 94 AD3d 929 [2012]).

The plaintiff did not demonstrate a reasonable excuse for the failure to timely serve a notice of claim and for the delay in moving for leave, inter alia, to deem the late notice of claim timely served nunc pro tunc. The statements of the plaintiff's mother that she was unaware of the requirement to serve a notice of claim within 90 days after the claim arose did not constitute a reasonable excuse (*see Matter of Destine v City of New York*, 111 AD3d at 629; *Matter of Bell v City of New York*, 100 AD3d 990 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]). Furthermore, the infancy of the plaintiff, without any showing of a nexus between the infancy and the delays, was insufficient to constitute a reasonable excuse (*see Bazile v City of New York*, 94 AD3d 929 [2012]; *Robertson v Somers Cent. School Dist.*, 90 AD3d 1012, 1012-1013 [2011]). In addition, the plaintiff failed to explain the additional lapse of approximately 10 months between the time he served the late notice of claim without court authorization and the motion for leave, inter alia, to deem the late notice of claim timely served

nunc pro tunc (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d at 791; *Matter of Destine v City of New York*, 111 AD3d at 629-630; *Matter of Gobardhan v City of New York*, 64 AD3d 705, 706 [2009]).

Furthermore, the evidence submitted by the plaintiff with the initial motion, which did not include the hospital records, failed to establish that the defendant had actual knowledge of the essential facts constituting the claim within the requisite 90-day period or a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 538; *Matter of Magana v Westchester County Health Care Corp.*, 89 AD3d 851 [2011]; *Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.]*, 74 AD3d 713, 713-714 [2010]; *Matter of Rios v Westchester County Healthcare Corp.*, 32 AD3d 540, 541-542 [2006]).

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew his prior motion based on new evidence, since the plaintiff did not set forth a reasonable justification for failing to submit the hospital records with his initial motion (*see* CPLR 2221 [e] [3]; *Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768 [2014]). Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.