■ David Randolph, Appellant, v Westchester Medical Center, Respondent. [996 NYS2d 703]—

In an action to recover damages for dental malpractice and lack of informed consent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered July 1, 2011, as denied that branch of his motion which was, in effect, for leave to serve a late notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In determining whether to grant an application for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider whether (1) the public corporation or its attorney or insurance carrier acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant made an excusable error concerning the identity of the public corporation against which the claim should be asserted, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (*see* General Municipal Law § 50-e [5]), and (4) the delay would substantially prejudice the public corporation in its defense on the merits" (*Platt v New York City Health & Hosps. Corp.*, 105 AD3d 1026, 1027 [2013]; *see Nurena v Westchester County*, 120 AD3d 781, 781 [2014]; *Matter of Mitchell v Town of Greenburgh*, 96 AD3d 852, 852 [2012]). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (*Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 888-889 [2011] [citations omitted]; *see Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). The determination to grant leave to serve a late notice of claim lies within the sound discretion of the Supreme Court (*see Hasmath v Cameb*, 5 AD3d 438, 439 [2004]).

Here, in support of his motion, the plaintiff failed to proffer a reasonable excuse for his failure to serve a timely notice of claim. "[A] claimant's ignorance of the notice of claim requirement is not an acceptable excuse" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 150). Further, since the defendant was not served with process in this action until January 1, 2011, which was more than three months after 90-day statutory period had elapsed, the summons and complaint did not provide the defendant with actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the statutory period (*see Nurena v Westchester County*, 120 AD3d at 782). Additionally, the plaintiff failed to satisfy his initial burden of demonstrating a lack of substantial prejudice to the defendant should service of the late notice of claim be allowed.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court providently exercised its

discretion in denying that branch of the plaintiff's motion which was, in effect, for leave to serve a late notice of claim. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.