■ In the Matter of KEVIN MURRAY, Individually and as Executor of ROSS REISSNER, Deceased, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [6 NYS3d 487]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the County of Suffolk and the Suffolk County Police Department appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), dated October1, 2014, which granted the petition.

Ordered that the order is affirmed, with costs.

On September 24, 2013, 11 gunshots were fired into the home

of Kevin Murray and Ross Reisner. Murray suffered a gunshot wound to his left arm and Reisner was critically wounded and died. Brett Knight, a former friend and tenant of both Murray and Reisner, was arrested for, and at the time of the instant application, was being prosecuted for, the homicide of Reisner.

On February 6, 2014, Murray was appointed the executor of Reisner's estate. On April 22, 2014, which was within 90 days of his receiving testamentary letters, Murray, individually and as the executor of Reisner's estate, served a notice of claim upon the County of Suffolk and the Suffolk County Police Department (hereinafter together the appellants), alleging, inter alia, that as a result of the appellants' negligence, they were liable for, among other things, the wrongful death of Reisner, as well as the physical injuries to Murray. By petition dated April 22, 2014, Murray sought leave to serve a late notice of claim with regard to his individual claims. The Supreme Court granted the petition.

In order to commence a tort action against a municipality, General Municipal Law § 50-e (1) (a) requires a claimant to serve a notice of claim upon that municipality within 90 days after the date that the claim arose (*see Matter of Snyder v County of Suffolk*, 116 AD3d 1052 [2014]). General Municipal Law § 50-e (5) permits a court, in its discretion, to extend the time to serve a notice of claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Kellman v Hauppauge Union Free Sch. Dist.*, 120 AD3d 634 [2014]; *Matter of Lodati v City of New York*, 303 AD2d 406 [2003]).

Under the particular circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting the petition for leave to serve a late notice of claim. The appellants will, in any event, be required to investigate the claims on behalf of the estate, which are based on precisely the same facts and circumstances as Murray's claims, and therefore will not be prejudiced in defending against Murray's claims.

The appellants' remaining contentions are without merit. Chambers, J.P., Hall, Cohen and Miller, JJ., concur.