■ Unique Hudson, Appellant, v Chhaya N. Patel et al., Respondents, et al., Defendant. [45 NYS3d 497]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Pfau, J.), dated April 24, 2014, which denied her motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc, and granted the cross motion of the defendants Chhaya N. Patel and New York City Health and Hospitals Corporation (Woodhull Hospital) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to timely serve a notice of claim, and (2), as limited by her brief, from so much of an order of the same court (Steinhardt, J.), dated September 29, 2014, as, upon reargument, adhered to the original determination in the order dated April 24, 2014.

Ordered that the appeal from the order dated April 24, 2014, is dismissed, as that order was superseded by the order dated September 29, 2014, made upon reargument; and it is further,

Ordered that the order dated September 29, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On May 16, 2006, the plaintiff, Unique Hudson, was delivered

preterm with a gestational age of 25 weeks at the hospital of the defendant New York City Health and Hospitals Corporation (Woodhull Hospital) (hereinafter HHC). The plaintiff was discharged from the hospital on July 28, 2006. In February 2010, the plaintiff served a notice of claim on HHC without leave of the court. Subsequently, the plaintiff, by her mother and natural guardian, Shermin Hudson, commenced this action, among other things, to recover damages for injuries allegedly sustained by the plaintiff as a result of medical malpractice committed by HHC's employees.

In October 2013, the plaintiff moved pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc. HHC and the defendant Chhaya N. Patel (hereinafter together the HHC defendants) cross-moved to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to serve a timely notice of claim. In an order dated September 29, 2014, the Supreme Court, upon reargument, adhered to a prior determination in an order dated April 24, 2014, denying the plaintiff's motion and granting the HHC defendants' cross motion. We affirm the order dated September 29, 2014, insofar as appealed from.

"In determining a motion for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the subsequent delay in seeking leave to serve a late notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits" (*Lyles v New York City Health & Hosps. Corp.*, 121 AD3d 648, 649 [2014]; *see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]). "The determination to grant leave to serve a late notice of claim lies within the sound discretion of the Supreme Court" (*Randolph v Westchester Med. Ctr.*, 122 AD3d 822, 823 [2014]; *see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.]*, 27 NY3d 672, 677 [2016]).

Contrary to the plaintiff's contention, the evidence submitted in support of her motion failed to establish that the HHC

defendants acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter by virtue of the hospital records relating to her delivery and follow-up care (*see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.]*, 27 NY3d at 676-677; *see also Williams v Nassau County Med. Ctr.*, 6 NY3d at 537; *Torres v New York City Health & Hosps. Corp. [Lincoln Hosp.]*, 101 AD3d 463, 463 [2012]; *Plaza v New York Health & Hosps. Corp. [Jacobi Med. Ctr.]*, 97 AD3d 466, 468-469 [2012]). Moreover, the plaintiff failed to satisfy her initial burden of showing that the HHC defendants would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455 [2016]; *Williams v Nassau County Med. Ctr.*, 6 NY3d at 538-539; *Randolph v Westchester Med. Ctr.*, 122 AD3d at 823; *Matter of Hernandez v County of Suffolk*, 90 AD3d 1049, 1050 [2011];.*Matter of Ali v New York City Health & Hosps. Corp.*, 61 AD3d 860, 861 [2009]).

The plaintiff also did not demonstrate a reasonable excuse for the failure to timely serve a notice of claim and the delay in moving for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc (*see Lyles v New York City Health & Hosps. Corp.*, 121 AD3d at 649; *Plaza v New York Health & Hosps. Corp. [Jacobi Med. Ctr.]*, 97 AD3d at 468; *Matter of Rios v Westchester County Healthcare Corp.*, 32 AD3d 540, 541 [2006]). Among other things, the infancy of the plaintiff, without any showing of a nexus between the infancy and the delays, was insufficient to constitute a reasonable excuse (*see Lyles v New York City Health & Hosps. Corp.*, 121 AD3d at 649).

Accordingly, the Supreme Court, upon reargument, properly adhered to its original determination denying the plaintiff's motion, inter alia, for leave to serve a late notice of claim and granting the HHC defendants' cross motion to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to timely serve a notice of claim. Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.