■ In the Matter of SHUN MAO MA, as Administrator of the Estate of HUAN HUA CHEN, Deceased, Respondent, v NEW YORK CITY HEALTH & HOSPITALS CORP. et al., Appellants. [59 NYS3d 478]—

In a proceeding, inter alia, pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or, in effect, to deem a late notice of claim timely served nunc pro tunc, the New York City Health & Hospitals Corp. and Coney Island Hospital appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated May 11, 2015, as granted that branch of the petition which was for leave to serve a late notice of claim with respect to the claim alleging conscious pain and suffering or, in effect, to deem so much of the late notice of claim as alleged conscious pain and suffering timely served nunc pro tunc.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the petition which was for leave to serve a late notice of claim with respect to the claim alleging conscious pain and suffering or, in effect, to deem so much of the late notice of claim as alleged conscious pain and suffering timely served nunc pro tunc is denied.

On January 18, 2014, the petitioner's decedent died at the appellants' hospital in Brooklyn. Almost one year later, on January 13, 2015, the petitioner filed a notice of claim with the New York City Health & Hospitals Corp. (hereinafter the HHC) alleging conscious pain and suffering and wrongful death. By

order to show cause dated March 16, 2015, the petitioner sought, inter alia, leave to serve a late notice of claim alleging conscious pain and suffering or, in effect, to deem so much of the late notice of claim as alleged conscious pain and suffering timely served nunc pro tunc. The Supreme Court granted that branch of the petition.

Under General Municipal Law § 50-e (5), in determining whether to grant an extension of time to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter (see General Municipal Law § 50-e [5]; McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (L 1969, ch 1016, § 1, as amended)]; Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 675 [2016]; Matter of Lawhorne v City of New York, 133 AD3d 856 [2015]; Matter of Murray v Village of Malverne, 118 AD3d 798, 799 [2014]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]). Additional factors in determining whether to grant such an extension include whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the delay in seeking leave to serve a late notice of claim, whether the claimant died before the time limited for service of the notice of claim, and whether the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e [5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535 [2006]; Matter of Murray v Village of Malverne, 118 AD3d at 799; Matter of Sanchez v City of New York, 116 AD3d 703, 704 [2014]).

The evidence submitted by the petitioner failed to establish that the appellants had actual knowledge of the essential facts constituting the claim to recover damages for conscious pain and suffering within the requisite 90-day period or a reasonable time thereafter (see Williams v Nassau County Med. Ctr., 6 NY3d at 538; Lyles v New York City Health & Hosps. Corp., 121 AD3d 648, 650 [2014]; Matter of Magana v Westchester County Health Care Corp., 89 AD3d 851 [2011]; Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.], 74 AD3d 713, 713-714 [2010]). Furthermore, contrary to the petitioner's contention, the notice of claim served upon the HHC nine months after the 90-day statutory period had elapsed was served too late to provide the HHC with actual knowledge of

the essential facts constituting the conscious pain and suffering claim within a reasonable time after the expiration of the 90-day statutory period (*see Matter of Maggio v City of New York*, 137 AD3d 1282, 1283 [2016]; *Matter of Stark v West Hempstead Union Free Sch. Dist.*, 127 AD3d 765, 766 [2015]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]).

Moreover, the petitioner failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the subsequent delay in filing the petition (*see Matter of Maggio v City of New York*, 137 AD3d at 1283; *Matter of Thill v North Shore Cent. Sch. Dist.*, 128 AD3d 976, 978 [2015]; *Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078, 1079 [2009]). Even assuming that the petitioner made an initial showing that the late notice will not substantially prejudice the appellants (*see Matter of Murray v County of Suffolk*, 128 AD3d 700, 701 [2015]), and that the appellants, in response, failed to make "a particularized evidentiary showing that [they] will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 467 [2016]), upon consideration of the balance of the relevant factors (*see* General Municipal Law § 50-e [5]), that branch of the petition which was for leave to serve a late notice of claim with respect to the claim alleging conscious pain and suffering or, in effect, to deem so much of the late notice of claim as alleged conscious pain and suffering timely served nunc pro tunc should have been denied (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455 [2016]; *Matter of Rosenblatt v New York City Health & Hosps. Corp.*, 149 AD3d 961 [2017]). Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.