Matter of Jadusingh v New York City Health & Hosps. Corp. (2019 NY Slip Op 00438)





Matter of Jadusingh v New York City Health & Hosps. Corp.


2019 NY Slip Op 00438


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-08089
 (Index No. 12232/15)

[*1]In the Matter of Malika Jadusingh, etc., appellant,
v
New York City Health and Hospitals Corporation, respondent.


Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (Kathleen P. Kettles, Philip Russotti, and Veronica K. Sewnarine of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Ingrid R. Gustafson of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated July 5, 2016. The order denied the petition.
ORDERED that the order is affirmed, with costs.
On August 25, 2012, the petitioner gave birth, pre-term, to a child by cesarean section at Kings County Hospital Center (hereinafter the hospital). The child was admitted to the neonatal intensive care unit, from which he was discharged on September 3, 2012, in stable condition. Several months later, the child was diagnosed at a different hospital with developmental delays. In October 2013, the child was diagnosed with cerebral palsy. In November 2013, the petitioner, as the child's mother and natural guardian, served a notice of claim on New York City Health and Hospitals Corporation (hereinafter HHC), alleging that the child sustained injuries as the result of medical malpractice committed by the hospital's medical staff. In September 2014, the petitioner retained new counsel. In November 2015, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc. The Supreme Court denied the petition, and the petitioner appeals.
"In determining a motion for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the subsequent delay in seeking leave to serve a late notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits" (Lyles v New York City Health & Hosps. Corp., 121 AD3d 648, 649; see General Municipal Law § 50-e[5]; Williams v [*2]Nassau County Med. Ctr., 6 NY3d 531, 535). "The determination to grant leave to serve a late notice of claim lies within the sound discretion of the Supreme Court" (Randolph v Westchester Med. Ctr., 122 AD3d 822, 823; see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677).
Here, the evidence submitted in support of the petition failed to establish that HHC acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter by virtue of the hospital records relating to the child's delivery and follow-up care (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d at 676-677; Williams v Nassau County Med. Ctr., 6 NY3d at 537; Matter of Smith v Westchester County Health Care Corp., 165 AD3d 1150; Plaza v New York Health & Hosps. Corp. [Jacobi Med. Ctr.], 97 AD3d 466, 468-469, affd 21 NY3d 983). Moreover, the petitioner failed to satisfy her initial burden of showing that HHC would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; Matter of Rayson v New York City Health & Hosps. Corp., 165 AD3d 948; Matter of Cruz v Transdev Servs., Inc., 160 AD3d 729, 731; Randolph v Westchester Med. Ctr., 122 AD3d at 823).
The petitioner also did not demonstrate a reasonable excuse for the failure to timely serve a notice of claim and the delay in seeking leave to deem the late notice of claim timely served nunc pro tunc (see Lyles v New York City Health & Hosps. Corp., 121 AD3d at 649; Plaza v New York Health & Hosps. Corp. [Jacobi Med. Ctr.], 97 AD3d at 468; Matter of Rios v Westchester County Healthcare Corp., 32 AD3d 540, 541). Accordingly, we agree with the Supreme Court's determination to deny the petition.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court