Coronel v New Jersey Tr. Corp. (2019 NY Slip Op 04676)





Coronel v New Jersey Tr. Corp.


2019 NY Slip Op 04676


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-03967
2018-09218
 (Index No. 33766/17)

[*1]Edison A. Coronel, appellant, 
v
New Jersey Transit Corporation, et al., respondents.


Linda Trummer-Napolitano, White Plains, NY, for appellant.
Florio Perrucci Steinhardt & Cappelli, LLC, New York, NY (Brian R. Tipton of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated February 5, 2018, as corrected by an order of the same court dated September 25, 2018, and (2) an order of the same court dated June 22, 2018. The order dated February 5, 2018, as corrected, denied the plaintiff's motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc. The order dated June 22, 2018, granted the defendants' unopposed motion pursuant to CPLR 3211(a) to dismiss the complaint for failure to timely serve a notice of claim.
ORDERED that the appeal from the order dated June 22, 2018, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order dated February 5, 2018, as corrected, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to commence an action against a public corporation must serve a notice of claim on the prospective defendant "within ninety days after the claim arises" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460 [internal quotation marks omitted]). "In determining a motion for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances" (Lyles v New York City Health & Hosps. Corp., 121 AD3d 648, 649; see General Municipal Law § 50-e[5]; Hudson v Patel, 146 AD3d 758, 759). These factors include whether (1) "the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter," (2) "the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the subsequent delay in seeking leave to serve a late notice of claim," and (3) "the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits" (Lyles v New York City Health & Hosps. Corp., 121 AD3d at 649; see General Municipal Law § 50-e[5]; [*2]Hudson v Patel, 146 AD3d at 759).
Contrary to the plaintiff's contention, the evidence submitted in support of his motion for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc failed to establish that the defendants acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Hudson v Patel, 146 AD3d at 759-760). Although a police accident report was prepared regarding the subject motor vehicle accident, the report, which stated that no one was injured in the accident, did not provide the defendants with actual knowledge of the essential facts constituting the plaintiff's claim to recover damages for personal injuries (see Matter of Farfan v City of New York, 101 AD3d 714, 715; Matter of National Grange Mut. Ins. Co. v Town of Eastchester, 48 AD3d 467, 468).
The plaintiff also did not demonstrate a reasonable excuse for the failure to timely serve a notice of claim and for the delay in moving for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc (see Matter of Shun Mao Ma v New York City Health & Hosps. Corp., 153 AD3d 529, 530; Matter of Smith v Baldwin Union Free School Dist., 63 AD3d 1078, 1079).
In addition, the plaintiff failed to satisfy his initial burden of showing that the defendants would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467-468; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 972-973; Hudson v Patel, 146 AD3d at 760).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court