Matter of J.H. v New York City Health & Hosps. Corp. (2020 NY Slip Op 00091)





Matter of J.H. v New York City Health & Hosps. Corp.


2020 NY Slip Op 00091


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10714 805168/16

[*1] In re J.H., an Infant, by His Mother and Natural Guardian, Raniqua B., Petitioner-Appellant,
v
New York City Health and Hospitals Corporation, Respondent-Respondent.


Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered August 8, 2018, which denied petitioner's motion for leave to serve a late notice of claim, unanimously affirmed, without costs.
The motion court providently exercised its discretion in denying petitioner's motion for leave to serve a late notice of claim. The infant plaintiff and his mother received pre- and post-natal care at Harlem Hospital Center (HHC), an institution operated by respondent. The record establishes that the subject medical malpractice claim accrued by April 11, 2013, when the infant was discharged from the hospital after birth (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 674 [2016]). However, the instant motion for leave to serve a late notice of claim was not brought until May 2016, and we decline to consider petitioner's claim of continuing treatment (see Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 267-268 [2002]), as it was raised for the first time on appeal.
The medical records were insufficient to impute actual knowledge to respondent, as they did not "evince that the medical staff, by its acts or omissions, inflicted any injury on [petitioner]" (see Wally G., 27 NY3d at 677). Even if petitioner's untimely and unauthorized June 2014 notice of claim was sufficient to provide such actual knowledge to respondent, the 11-month delay between the expiration of the 90-day notice of claim period in July 2013 and the service of this notice in June 2014 was not reasonable (see Matter of Shun Mao Ma v New York City Health & Hosps. Corp., 153 AD3d 529, 530-531 [2d Dept 2017]).
Petitioner failed to establish that the delay in serving a notice of claim or seeking leave to serve a late notice of claim was the product of the infant's health issues (see Matter of Nieves v New York Health & Hosps. Corp., 34 AD3d 336, 337 [1st Dept 2006]).
Petitioner further failed to meet the initial burden of demonstrating the absence of substantial prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]). Accordingly, respondent was not required to make a particularized evidentiary showing thereof (see id. at 467).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK