Pannell v New York City Health & Hosps. Corp. (2021 NY Slip Op 01988)





Pannell v New York City Health & Hosps. Corp.


2021 NY Slip Op 01988


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-03379
 (Index No. 507287/18)

[*1]Marvin Pannell, appellant, 
v
New York City Health and Hospitals Corporation, et al., respondents.


Asher & Associates, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Janet L. Zaleon of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated February 19, 2019. The order denied the plaintiff's motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the defendant New York City Health and Hospitals Corporation.
ORDERED that the order is affirmed, with costs.
On September 19, 2016, the plaintiff was admitted to the defendant Kings County Hospital (hereinafter KCH), a municipal hospital owned and operated by the defendant New York City Health and Hospitals Corporation (hereinafter HHC). The plaintiff was diagnosed with endocarditis on September 26, 2016, treated with antibiotics, and discharged on September 28, 2016. On October 7, 2016, the plaintiff returned to KCH, where further testing revealed that the infection had spread to his brain. The plaintiff was discharged from KCH on October 10, 2016, and, three days later, was admitted to the defendant Bellevue Hospital Center (hereinafter Bellevue), also a municipal hospital owned and operated by HHC, for treatment of infective endocarditis. On December 1, 2016, the plaintiff underwent mitral valve replacement surgery at Bellevue and continued under its care until about May 15, 2017.
On April 11, 2018, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice, alleging, as relevant here, that KCH was negligent in failing to timely diagnose, and treat him for, endocarditis. On April 12, 2018, the plaintiff filed a motion for leave to serve a late notice of claim on HHC. The Supreme Court denied the motion, and the plaintiff appeals.
A motion for leave to serve a late notice of claim upon HHC may not be made more than one year and 90 days after accrual of the claim, unless the statute has been tolled (see General Municipal Law §§ 50-e[5]; 50-i[1]; McKinney's Uncons Laws of NY § 7401[2] [New York City Health and Hospitals Corporation Act § 20(2), as added by L 1969, ch 1016, sec 1, § 20, as amended by L 1990, ch 804, § 122]; Pierson v City of New York, 56 NY2d 950, 954). Here, the plaintiff [*2]contended that the limitations period was tolled by the continuing treatment of his condition at Bellevue, after his discharge from KCH.
"Where the continuing treatment is provided by someone other than the allegedly negligent practitioner, there must be an agency or other relevant relationship between the health care providers" (Allende v New York City Health & Hosps. Corp., 90 NY2d 333, 339 [internal quotation marks omitted]). While common ownership by HHC, by itself, does not establish the necessary nexus, "continuous treatment can exist between two hospitals owned by the same entity under the appropriate circumstances" (id. at 340; see Cotto v City of New York, 99 AD2d 748). Here, questions of fact exist as to whether such agency or relevant relationship existed between KCH, the alleged tortfeasor, and Bellevue, to which facility the plaintiff was referred by KCH (see Cotto v City of New York, 99 AD2d at 749; see also Blythe v City of New York, 119 AD2d 615, 617).
Nevertheless, it is not necessary to remit the matter for resolution of those factual issues (cf. Matter of McCoy v City of New York, 10 AD3d 724), since, even if the continuous treatment toll was applicable, leave to serve a late notice of claim was not warranted. In determining whether to extend the time to serve a notice of claim, the court must consider whether the municipal entity received actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the plaintiff had a reasonable excuse for the failure to timely serve a notice of claim, and whether the delay would substantially prejudice the municipal entity in its defense on the merits (see Matter of Reddick v New York City Hous. Auth., 188 AD3d 890). "While no one factor is determinative, the question of whether actual knowledge was timely acquired is generally the most important factor" (Matter of Catania v City of New York, 188 AD3d 1041, 1042 [citations omitted]).
Here, in support of his motion, the plaintiff contended that the defendants had actual notice of the essential facts constituting his claim through their creation and maintenance of his medical records. However, "[m]erely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where [those] records do not evince that the medical staff, by its acts or omissions, inflicted any injury" (Williams v Nassau County Med. Ctr., 6 NY3d 531, 537). The plaintiff did not submit the medical records with his motion, and the affidavit of merit of his expert did not demonstrate that the alleged malpractice was apparent from an independent review of the medical records (see W.Z. v New York City Health & Hosps. Corp., 185 AD3d 759; Lyles v New York City Health & Hosps. Corp., 121 AD3d 648, 650).
Further, the plaintiff's conclusory assertion that he did not timely serve a notice of claim because he was preoccupied with the effects of his condition did not establish a reasonable excuse for the delay (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791; Matter of Klass v City of New York, 103 AD3d 800, 801). Finally, on this record, the plaintiff failed to make an initial showing that HHC was not prejudiced by the delay in serving the notice of claim (see Matter of Maldonado v City of New York, 152 AD3d 522, 523).
Accordingly, the plaintiff's motion for leave to file a late notice of claim against HHC was properly denied.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court