Matter of Egalite v New York City Tr. Auth. (2025 NY Slip Op 02773)

Matter of Egalite v New York City Tr. Auth.

2025 NY Slip Op 02773

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-10847
 (Index No. 525585/23)

[*1]In the Matter of Astrid Egalite, etc., respondent,
v
New York City Transit Authority, etc., et al., appellants.

Anna J. Ervolina, Brooklyn, NY (Yolanda L. Ayala and Theresa A. Frame of counsel), for appellants.
The Barnes Firm, P.C. (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Joshua Block, and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In a proceeding, in effect, pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc, the respondents New York City Transit Authority and Damion Fowler appeal from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated November 1, 2023. The order, insofar as appealed from, in effect, granted those branches of the petition which were to deem a late notice of claim timely served nunc pro tunc with respect to the claims alleging conscious pain and suffering and preimpact terror and to reserve the right to assert claims under pending legislation entitled the "Grieving Families Act."
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and those branches of the petition which were to deem a late notice of claim timely served nunc pro tunc with respect to the claims alleging conscious pain and suffering and preimpact terror and to reserve the right to assert claims under pending legislation entitled the "Grieving Families Act" are denied.
The petitioner's decedent died after being struck by a bus while she attempted to cross a street. The bus was owned by the defendant New York City Transit Authority (hereinafter NYCTA) and operated by the defendant Damion Fowler. On June 29, 2023, the petitioner became the appointed representative of the decedent's estate. On July 21, 2023, the petitioner filed a notice of claim alleging wrongful death, conscious pain and suffering, and preimpact terror. Also in the notice of claim, the petitioner purported to reserve the right to assert claims under pending legislation entitled the "Grieving Families Act." The notice of claim was rejected as untimely.
The petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc. In an order dated November 1, 2023, the Supreme Court, inter alia, in effect, granted those branches of the petition which were to deem the late notice of claim timely served nunc pro tunc with respect to the claims alleging conscious pain and suffering and preimpact terror and to reserve the right to assert claims under pending legislation entitled the "Grieving Families Act." NYCTA and Fowler appeal. On appeal, NYCTA and Fowler correctly concede that the claim alleging wrongful death was timely asserted [*2]in the notice of claim (see General Municipal Law § 50-e[1][a]).
"General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim" (Matter of Guerre v New York City Tr. Auth., 226 AD3d 897, 897 [internal quotation marks omitted]). "In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Lobos v City of New York, 219 AD3d 720, 721 [internal quotation marks omitted]; see Matter of Jaime v City of New York, 41 NY3d 531, 540-541). "The presence or absence of any one factor is not necessarily determinative, but whether the public corporation had actual knowledge of the essential facts constituting the claim is the most important, based on its placement in the statute and its relation to other relevant factors" (Matter of Quinones v City of New York, 160 AD3d 874, 875 [internal quotation marks omitted]; see Pannell v New York City Health & Hosps. Corp., 192 AD3d 1130, 1131; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148).
Here, NYCTA did not acquire actual knowledge of the essential facts constituting the claims of conscious pain and suffering or preimpact terror within a reasonable time after the expiration of the 90-day statutory period (see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 898; Matter of Shun Mao Ma v New York City Health & Hosps. Corp., 153 AD3d 529, 530). "As a general rule, knowledge of an accident or occurrence by a municipality's police or fire department cannot be imputed to another public or municipal corporation" (Matter of Russ v New York City Hous. Auth., 198 AD2d 361, 362). Furthermore, the case file did not indicate that anyone associated with NYCTA acquired actual knowledge of essential facts constituting the subject claims.
As to the other relevant factors, the petitioner failed to demonstrate a reasonable excuse for her failure to timely serve a notice of claim (see Matter of Shun Mao Ma v New York City Health & Hosps. Corp., 153 AD3d at 531; Matter of Rosenblatt v New York City Health & Hosps. Corp., 149 AD3d 961, 962). The petitioner also failed to meet her initial burden of presenting "some evidence or plausible argument" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 456) to support a finding that NYCTA will not be substantially prejudiced by the approximate six-month delay from the expiration of the 90-day statutory period until the commencement of this proceeding (see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 899; Matter of Vincent v City of New York, 208 AD3d 589, 590).
Finally, since the petitioner failed to establish her entitlement to this relief (see generally Matter of Jaime v City of New York, 41 NY3d at 541-542), the Supreme Court should have denied that branch of the petition which was to reserve the right to assert claims under pending legislation entitled the "Grieving Families Act."
Accordingly, we reverse the order insofar as appealed from and deny those branches of the petition which were to deem the late notice of claim timely served nunc pro tunc with respect to the claims alleging conscious pain and suffering and preimpact terror and to reserve the right to assert claims under pending legislation entitled the "Grieving Families Act."
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court